## S. E. DURRANCE v. FIRST NATIONAL BANK & TRUST CO. OF ORLANDO.

156 So. 526.
Division A.
Opinion Filed September 18, 1934.

*Clark W. Jennings,* for Plaintiff in Error;
*Giles & Gurney,* for Defendant in Error.

DAVIS, C. J.—Durrance gave a mortgage to the First National Bank of Orlando to secure a note made a part thereof as follows:

"1000.00 November 15, 1928.

"On or before the 15th day of February, 1928, I promise to pay to First National Bank in Orlando, or order One Thousand dollars with interest at the rate of eight per cent. per annum from date until paid. Value received.

"S. E. DURRANCE (L. S.)"

The original note was extended and renewed by the giving of additional notes from time to time. The additional notes bore interest after maturity at the rate of ten per cent until paid, and provided for recovery of a reasonable attorney's fee if placed in the hands of an attorney after maturity. The Court below foreclosed the mortgage on the basis of the debt presented by the renewal note dated February 13, 1929. This renewal note was not given until after the mortgage was recorded. The decree also provided for future interest upon the principal sum at the rate of ten per cent. per annum until paid. An assignment of error is to the effect that the Chancellor erred in entering the final decree of May 23, 1932.

In common law causes an assignment of error that "the court erred in rendering judgment for the plaintiff in said cause" is too general to be considered by this Court. Stearns & Culver Lbr. Co. v. Adams, 55 Fla. 401, 45 Sou. Rep. 847. But on an appeal in chancery an assignment of error that "the court erred in the entry of its final decree" is sufficient to call for review of every error that may appear in a final decree. American Express Co. v. Cochrane, 103 Fla. 426, 137 Sou. Rep. 696.

There was no authority shown for the foreclosure of the mortgage for any other debt than that presented by the original promissory note of February 15, 1928. This note was specifically made a part of the mortgage at the time it was executed. While the renewal notes were competent evidence

to show that the original note was still unpaid yet insofar as the renewal notes provided for an additional indebtedness, indemnity or liability, they were not secured by the mortgage being foreclosed. This is because they were subsequently executed and delivered, and there was nothing in the mortgage authorizing the extension of its lien to any greater or different indebtedness than that represented by the original note of February 15, 1928. Nor was it made to appear, by any appropriate instrument or binding agreement, that any supplemental lien capable of being tacked on to the original mortgage lien was ever brought into existence as to the renewal notes, or either of them.

So the final decree was in error insofar as it foreclosed the mortgage for a debt other than the note of February 15, 1928, and it is accordingly reversed with leave to complainant to make appropriate amendments and have a decree not inconsistent with this opinion.

Reversed for appropriate proceedings.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.