PER CURIAM.
The appellee’s motion to dismiss this appeal is predicated upon appellants’ failure in its assignments of error to point out clearly and distinctly any alleged errors relied on for reversal.
This was an action in prohibition which resulted in a judgment awarding a peremptory writ. Prohibition has been classified as a common-law remedy. See State ex rel. Rheinauer v. Malone, 40 Fla. 129, 23 So. 575; Crill v. State Road Department, 96 Fla. 110, 117 So. 795. The appellants’ assignments of error are five in number. When viewed in their most favorable light, the assignments simply complain that the trial judge erred in entering the judgment. The assignments fail to point out the legal error occasioned by the entry of the judgment and, as stated by the Supreme Court of Florida in Stearns & Culver Lumber Co. v. Adams, 55 Fla. 401, 45 So. 847, such an assignment “ * * * is too general to be considered, as it is broad enough to cover the whole record and every feature of the trial.” 3.5, subd. c, F.A.R., 31 F.S.A. See Fawcett v. Weaver, 121 Fla. 245, 163 So. 561; Miami Investors Syndicate v. Johnnie & Mack, Inc., Fla.App.1958, 104 So.2d 617. Cf. Durrance v. First National Bank & Trust Company of Orlando, 116 Fla. 526, 156 So. 526.
The motion to dismiss is granted and this appeal is dismissed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.