PER CURIAM.
Appellee has moved to dismiss this appeal for failure of appellant to assign error in accordance with Florida Appellate Rule 3..S, subd. c, 31 F.S.A., which provides:
“The assignments of error shall point out clearly and distinctly all alleged errors of the lower court relied on for reversal. Where the alleged errors are based on orders, evidence or charges such matters shall be specifically referred to, and where based on a motion for new trial, the grounds relied on shall he pointed out.”
The only assignment of error herein reads:
“The Court erred in the making and entering of its Final Decree in the above entitled cause bearing date the 13th day of August, A.D. 1960, and recorded in Chancery Order Book 43, Page 271, on the 16th day of August, A.D. 1960.”
Florida Appellate Rule 3.5, subd. c, supra, is based on, is identical with, and supersedes former Rule 10 reading as follows:
“Assignments of error shall be construed liberally so as to permit the Court to consider the alleged errors of the trial court. If based on orders, evidence or charges they should he referred to and if based on motion for new trial the grounds relied on should be pointed out.”
It will be noted that the present rule and its antecedent (Supreme Court Rule 32) substantially modified former Rule 10 by eliminating the directive to liberally construe assignments of error so as to permit the court to consider the alleged errors of the trial court.
In construing former Rule 10, it was held that an assignment of error charging “that the court erred in its entry of final decree” was sufficient to call for review of every error that may appear in a final decree in chancery. Durrance v. First Nat. Bank & Trust Co. of Orlando, 1934, 116 Fla. 526, 156 So. 526, 531; American Express Co. v. Cochrane, 1931, 103 Fla. 426, 137 So. 696, 698. That principle was modified, however, by the adoption of Florida Appellate Rule 3.5, subd. c and its pre-course, Supreme Court Rule 32, and by the decisions interpreting the latter rules. Thus, in Bybee v. Stearn, Fla. 1957, 95 So. 2d 529, 531, which was a suit in chancery to foreclose a li.en, the Supreme Court, speaking through Roberts, J., held that an assignment of error stating that “On the law and the facts of the case a Decree for Plaintiff is required by justice and right,” was insufficient as an assignment of error and was not cured by a more particular statement in the brief. And in McCann Plumbing Co. v. Plumbing Industry Program, Inc., Fla.App.1958, 105 So.2d 26, Pearson, J., speaking for the Third District Court of Appeal, cited Bybee with approval in holding that assignments of error specifying only that a certain decree is contrary to the law and the evidence failed to comply with the spirit of the appellate rules. The cases are legion holding that where appeal is-taken from judgments at law, an assignment of error to the effect that the court erred in entering a particular judgment is-insufficient as being too broad.
The Florida Appellate Rules, as. amended, are designed to “govern all proceedings in the Supreme Court, the district courts of appeal, and the circuit courts in the exercise of their appellate jurisdiction.” Rule 1.1. One of the clear objectives of the present rules of appellate procedure is tO' eliminate, as far as practicable, the former distinctions and differences in the appeal procedure governing actions at law and suits in chancery. The subject Rule 3.5, subd. c, F.A.R., clearly applies to appeals in all civil cases.
*542 The movant insists and we agree that the above-quoted assignment of error does not permit a review by this court of the testimony and evidence, to which the entire thrust of appellant’s brief is addressed. Therefore, the motion to dismiss is granted.
Appeal dismissed.
CARROLL, DONALD K„ Chief Judge, and STURGIS and RAWLS, JJ., concur.