CARROLL, DONALD K., Chief Judge.
In our order filed October 4, 1961, this court denied the appellee’s motion to strike the appellants’ assignments of error. Upon reconsideration of this order pursuant to the appellee’s petition for rehearing, this court has reached the conclusion that we erred in thus denying the said motion, and we hereby grant the said petition, vacate and set aside the said order, and grant the said motion to strike, as hereinafter set forth.
In this appeal from an adverse judgment entered by the Circuit Court for Leon County the appellants filed in this court their assignments of error, assigning only the following as error:
“1. The entry of the final judgement herein by the Court, trial by jury having been waived, which said final judgement was entered May 9, 1961, in Circuit Court Minute Book 40, Page 15, of the records of said court. By the entry of this judgement in behalf of the defendant the lower court rendered a judgement contrary to evidence and a judgement contrary to the law.”
This court is of the opinion that the said assignments of error are clearly insufficient as a matter of law under a long and uninterrupted line of decisions of the appellate courts of Florida, including, among many others, Bybee v. Stearn, 95 So.2d 529 (Fla.1957), Municipal Court etc., City of Coral Gables v. Giblin, 126 So.2d 285 (Fla. App.1961), and Hornsby v. Tingle, 134 So. 2d 540 (Fla.App.1961).
Rule 3.5 of the Florida Appellate Rules, 31 F.S.A., is as follows:
“a. Assignments of Error by Appel- ■ lant. Within 10 days after the notice of appeal has been filed, the appellant shall file his assignments of error with the clerk of the lower court.
“b. Cross Assignments of Error by Appellee. Within 10 days after the appellant has filed his assignments of error, the appellee if he desires review on any adverse ruling must file his cross assignments of error with the said clerk.
“c. Contents. The assignments of error shall point out clearly and distinctly all alleged errors of the lower court relied on for reversal. Where the alleged errors are based on orders, evidence or charges such matters shall be specifically referred to, and where based on a motion for new trial, the grounds relied on shall be pointed out.
“d. Extension of Time. The time for filing assignments and cross assign *330 ments of error may be extended by the appellate court or the lower court.”
The appellants’ original assignments of error, quoted above, obviously violate the requirements set out in paragraph c of the rule concerning the contents of assignments of error.
We note in the record on appeal a copy of a paper denominated “amended assignment of error” which the appellants filed in the Circuit Court on July 12th, 27 days after they filed their notice of appeal. This paper describes in more detail the claimed error than does the appellants’ said original assignments of error. However, our attention has been directed to the fact that the record before us fails to show that the appellants have sought or obtained the leave of this court or the Circuit Court to file amended assignments of error, or that they moved either court for an extension of time within which to file their assignments of error, as provided in paragraph d of Rule 3.5, quoted above. We, therefore, cannot consider the said paper in reaching our conclusion as to the appellee’s motion to strike. This motion must be and it is granted and the appellants’ original assignments of error are hereby stricken.
It goes without saying that assignments of error perform a vital function in the administration of justice in appeals. Experience has long demonstrated the need for the requirement that the assignments point out clearly and distinctly all alleged errors of the lower court relied on as the basis for reversal. Only then can an ap-pellee properly prepare his defense of the judgment or decree appealed from, and only then can the appellate court properly adjudicate the cause on appeal upon the clear issues thus raised in the appeal. Our courts have likened the function of the assignments of error to that of the complaint filed by a plaintiff as the statement of the cause of action he is suing upon. See Redditt v. State, 84 So.2d 317 (Fla.1955) and Red Top Cab & Baggage Co. v. Dorner, 159 Fla. 538, 32 So.2d 321 (1947).
Since our thus striking their original assignments of error leaves the appellants’ appeal without any valid and properly filed assignments of error, it would be a matter for our discretion whether to follow up our ruling on the motion to strike with a dismissal of the appeal, as was done in the above-cited cases of Municipal Court etc., City of Coral Gables v. Giblin and Hornsby v. Tingle. However, in order that this appeal may proceed to be heard on the merits without irrevocably penalizing a litigant because of a violation of procedural rules and in the interest of the administration of justice, we have decided, under the peculiar circumstances of this case, to dismiss this appeal on our motion unless the appellants shall, within ten days after the filing of this opinion, file in this court, and serve a copy thereof upon the appellee, a motion asking leave of this court to file amended assignments of error or a motion requesting an extension of time within which to file their assignments of error pursuant to paragraph d of Rule 3.5. A copy of the proposed amendment or assignments should be attached to, as a part of, the said motion for such leave or such extension, which motion should also contain a statement of good cause why the motion should be granted.
The liberality which we feel we are manifesting herein in not dismissing this appeal absolutely is, we think, justified by the position taken by the Supreme Court of Florida in Nash v. Haycraft, 34 Fla. 449, 16 So. 324 (1894), and Harper v. Bronson, 98 Fla. 941, 124 So. 732 (1929), and in other cases. Our holding herein, however, should not be taken by the bench and bar of this state as indicating that we will not under some other circumstances dismiss an appeal on our own motion when an appellant has failed properly to file valid assignments of error. Every such case will, of course, be decided in the light of the particular circumstances of the case.
The Florida Appellate Rules were adopted by our Supreme Court in accordance with the authority granted to it by the Florida Constitution and are as binding upon the *331 appellate courts of Florida as they are upon the litigants and their counsel. Copies of these rules are readily available to every lawyer and court in the state. It is at best a hazardous practice to ignore a clear requirement of these rules and then implore an appellate court to overlook or forgive such violation in the interest of mercy or of hearing the case on the merits. These rules were carefully and thoughtfully framed to promote the administration of justice generally in appeals, and the pyramiding of exceptions and waivers could easily erode away those rules until the great objective of improving the administration of justice in appeals could well be made more difficult of attainment. Nevertheless, the judiciary is endowed with a certain sound but limited discretion in the application of the rules, to^ be exercised always in the light of that great objective.
Simultaneous with the filing of this opinion, an administrative order will be entered carrying into effect the aforesaid holding of this court on this rehearing.
CARROLL, DONALD K„ Chief Judge, and STURGIS and RAWLS, JJ., concur.