PER CURIAM.
The appellee has moved to dismiss this appeal for the alleged failure of the appellant to comply with Florida Appellate Rule 3.5, subd. c, 31 F.S.A. Specifically, the appellee complains that the appellant’s assignment of error, being directed to a final decree in toto, is so general as to preclude her from preparing a proper defense.
The appellant’s sole assignment of error is as follows:
“That the Court erred in making and entering that ‘FINAL DECREE’ dated May 1, 1963, and filed in the above styled cause on May 3, 1963, and Recorded on May 6, 1963, in Chancery Order Book 1678 on Page 291 of said Circuit.”
Florida Appellate Rule 3.5, subd. c, which became effective October 1, 1962, reads as follows:
“Essentials. The assignments or cross assignments of error shall designate identified judicial acts which should be stated as they occurred; grounds for error need not be stated in the assignment.”
Since the only judicial act of which the appellant complains is the entry of the adverse final decree, we conclude that the assignment of error meets the requirements and tests of the rule.
The rule specifically eliminates the necessity for the statement of the grounds of error in the assignments. This provision of the rule obviously contemplated that the grounds or reasons for the error assigned would be covered by the legal points raised in the brief as is apparent from the provisions of Rule 3.7, subd. f(3), Florida Appellate Rules. Of course, where there are multiple judicial acts of which an appellant complains, such acts would be the basis of assignments, assuming they were adverse. It is the judicial act which the rule contemplates should be assigned as error and not the reasons why the appellant concludes the act to be legally erroneous and the basis for a reversal. It often happens in equitable proceedings that the only recorded judicial act which the litigant can assign is the entry of a final or summary final decree, whereas in a common law action, many judicial acts occur which may or could be the basis for appropriate assignments of error.
Upon the basis of the motion filed in this cause and in consideration of the assignment of error, we conclude that it was sufficient under the requirements of the rule. Accordingly, the motion to dismiss is denied.