BARNS, PAUL D., Associate Judge.
The appellant sued the appellees in an action at law sounding in trespass. After issue joined, the court heard the evidence without a jury and granted the defendants’ motions after the plaintiff had rested and entered final judgment for the defendants. Thereupon the plaintiff appealed. We fail to find harmful error and affirm.
The appellant’s first three points argued in her brief relate to rulings made at trial. The first and second points bear only on the question of damages and in nowise relate to liability. The third point relates to the admitting into evidence over appellant’s objection an aerial photograph. The fourth point is that the court erred in finding for the appellees at the close of the plaintiff’s case. Since we find for the ap-pellees on the fourth point, the first two points become moot; and as to the third point relating to the admission into evidence of an aerial photograph, it likewise appears to be moot since it is not shown to bear on the liability of the defendant-ap-pellees.
The fourth point of appellant’s brief is that the lower court erred in finding for the appellees at the close of the plaintiff’s case. On this point the evidence fails to show any trespass of the defendants at any time, and particularly not since the plaintiff acquired an interest in the land in question. Two defendants called as adverse witnesses denied the trespass alleged and there is no substantial evidence to the contrary. This point is not well-founded. Where the defendants have not committed a trespass all questions as to damages suffered by the plaintiff become moot.
Appellate Rule 3.7, subd. f(4), 31 F.S.A., provides
“Argument in support of the position of the appellant. This section of the brief shall contain a division for each of the points involved. Specific assignments of error from which the points argued arise should he stated, and if any reference to the original record or appendix is made, the page should be given.” (Italics supplied.)
Appellant’s brief fails to comply with this rule, and unfortunately in actual practice this rule is rarely complied with. Why have such a rule? The reason for the rule is that the basis of an appeal is the assignment of errors and on review the appellate court’s first mental inquiry is what “error” does the appellant claim as a ground for reversal — what was it the lower court did that was erroneoust What did the judge do — what actf Can an appellant hope for review of the lower court’s action or hope for reversal of a lower court when his brief in support of the appeal fails to designate the judicial act assigned as error? In this instance the appellant has received the benefit of a review, but if the above quoted rule is complied with it will better serve the appellate courts for whose benefit the rule was promulgated. By observing and complying with the rule an appellant’s interest will be advanced and the appellate courts will be better served by the bar; and, furthermore, briefs will likely not be addressed to points which are not within the scope of any assignment of error.
Appleman on Approved Appellate Briefs, p. 313, gives an excellent illustration of a *446 compliance with Appellate Rule 3.7, subd. f(4) as follows:-
“Point I: Should a Complaint for Personal Injuries against a Landlord have been Dismissed Where It Appeared That the Tenant Sought to- Recover for the Negligent Breach of a Promise to Repair a Loose and Cracked Toilet Seat, and Where the Complaint Showed the Tenant Knew of the Defect at All Times?
“This point is based on the following assignment of error:
“The Court erred in entering its order denying défendant’s motion to dismiss on the 3rd day of August, 1955.”
Unfortunately, there prevails a common practice within the bar to show a token compliance with the rule by stating with the point relied on for reversal that the point arises out of assignment of error having certain numbers, e. g. “This point arises out of assignments of error 4, 7 and 12.” This practice does not satisfy the rule which requires that the assignment be “stated.” The assignments of error are the basis for review and the brief of the appellant ought to save the appellate court the burden of searching for them. The assignment of error cited from Apple-man, supra, satisfies the essentials of an assignment of error as specified by Appellate Rule 3.5(c) which is:
“c. Essentials. The assignments or cross assignments of error shall designate identified judicial acts which should be stated as they occurred; grounds for error need not be stated in the assignment.”
For the purpose and function of assignments of error see Redditt v. State, Fla., 84 So.2d 317.

Assignments of Error in the Federal System

The Federal Rules of Civil Procedure have abolished the use of assignments of error in the preparing and perfecting of the record on appeal. Rule 75(d), F.R. Civ.P., provides that “No assignment of errors is necessary” and prescribes that “if the appellant does not designate the inclusion of the complete record and all the proceedings and evidence in the action, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal,” which statement of points serves the same function as an assignment of error under the former practice, that is, to give the appel-lee notice of the grounds for review in order that the appellee may determine whether the proposed record on appeal gives a fair and complete picture of the basis for the issues to be pressed by the appellant.
The foregoing federal rule only relates to the record on appeal and does not relate to or govern the management of the internal judicial affairs of the federal courts of appeals. The U. S. Court of Appeals, 5th Circuit, requires the appellant to state his assignments of error in his brief; Rule 24 of that court, among other things, requires that the appellant’s brief shall state:
“(a) A concise abstract or statement of the case, presenting succinctly the questions involved and the manner in which they are raised.
“(b) A specification of the errors relied upon, which shall set out separately and particularly each error asserted and intended to be urged. Errors not specified according to this rule will be disregarded; but the court, at its option, may notice a plain error not specified.”
Appellate Rule 3.5 (c), supra, (as amended in 1962), like the above quoted federal court rule of the Circuit Court of Appeals, does not require the grounds for the assignment of error to be stated in the assignment, viz., “grounds for error need not he stated in the assignment.” The place *447 for the grounds for error, in Florida and in the above mentioned federal court of appeals, is in the argument category of appellant’s brief under “points” or “questions” involved. Since the promulgation of the amended rule, a failure to state the grounds for error is no longer a basis for the dismissal of an appeal, as had occasionally occurred previous to the amendment.
The judgment appealed is affirmed.
SMITH, C. J., and WHITE, J., concur.