ON MOTION TO DISMISS
WALDEN, Chief Judge.
Appellee has moved to dismiss this appeal from a divorce decree. The decree made several findings of fact, ordered that appellee be granted a divorce and custody of her child, ordered that appellant pay child support of $300 per month, and adjudicated certain property rights.
At issue is the sufficiency of appellant’s assignment of error which said only,
“The Court erred in entering its Final Decree of February 7, 1966 in Minutes Circuit Court C.O.B. 120 at page 25.”
This single assignment of error was used by appellant to support three issues which he argued in his brief.
“I. Was there sufficient evidence to sustain the granting of a divorce on the grounds of extreme cruelty, when plaintiff’s evidence as to physical violence and the effect of other misconduct upon her health and well-being was uncorroborated ?”
“II. Is the testimony of a bystander as to what he overheard during a telephone conversation ■ admissible ?”
“HI. Is an award of 90 percent of hus-bánd’s income to a divorced wife for child support an abuse of discretion when the mother, who has always supported the child, has an income of $100,000 per year?”
Appellee, in her motion to dismiss, has attacked the assignment of error as failing to meet the requirements of F.A.R. 3.5(c), 32 F.S.A. That rule provides:
“Essentials. The assignments * * * of error shall designate identified judicial acts which should be stated as they *908 occurred; grounds for error need not be stated in the assignment.”
Under the predecessor rule to F. A.R. 3.5(c), it is clear that an assignment of error specifying only that a certain decree is contrary to the law would be fatally insufficient. McCann Plumbing Co. v. Plumbing Industry Program, Inc., Fla. App.1958, 105 So.2d 26. But the promulgation of the present F.A.R. 3.5(c) undoubtedly liberalized the requirements for assignments of error. Fort v. Fort, Fla. App.1964, 167 So.2d 315. Certainly it is no longer required of an appellant that he include grounds for error in the assignments. Bailey v. Keene, Fla.App.1965, 171 So.2d 444. Appellant would go even further. Here we are squarely faced with the proposition advanced by appellant in opposition to appellee’s motion to dismiss that under the present F.A.R. 3.5(c) it is only necessary to assign as error the entry of the final decree to attack the validity of any part of the proceedings, or any portion of the decree.
In support of this proposition, appellant contends that the Third District, in Porter v. Childers, Fla.App. 1963, 155 So.2d 403, approved an assignment of error identical to that in the case at bar. Appellant has, however,' overlooked the following language in the same decision, at p. 404:
“ * * * Of course, where there are multiple judicial acts of which an appellant complains, such acts would be the basis of assignments, assuming they were adverse. * * * It often happens in equitable proceedings that the only recorded judicial act which the litigant can assign is the entry of a final or summary final decree * *
That is not the case here. As shown by appellant’s “questions presented”, he is complaining of three separate acts. Therefore, he must make three separate assignments of error directed at those acts.
Under the circumstances, we feel appellant’s single assignment of error is insufficient under F.A.R. 3.5(c). Exercising our discretion under the facts of this case, it is our opinion that appellant’s assignment of error should be stricken with leave given to appellant to file amended assignments of error in accordance with the views herein expressed. An order will be entered by the clerk implementing this opinion.
CROSS, J., and WADDELL, THOMAS R., Jr., Associate Judge, concur.