PER CURIAM.
The appellant, Virginia E. Giblin, as Ad-ministratrix of the Estate of Vincent C. Giblin, appeals from a final order dismissing her complaint with prejudice.
This action was originally brought by Vincent C. Giblin, against the City of Coral Gables, Florida. The then Judge Giblin sought damages from the City of Coral Gables, Florida for an alleged unlawful arrest and false imprisonment and from one of its police officers for his alleged improper activities in connection therewith.
While the litigation was pending, the parties through their attorneys, entered into a written stipulation which provided, in pertinent part, as follows:
“Inasmuch as there is presently pending in the Third District Court of Appeal, the companion case of City of Coral Gables v. Mrs. Virginia Giblin, in which the basic issues in the present lawsuit will be determined, it is hereby STIPULATED and AGREED by and between counsel for the respective parties, that further prosecution of this case be stayed, pending the outcome of the companion case on appeal.”
The stipulation was approved by the Circuit Court Judge, in whose case the action was pending, and no further action took place in this case until the appeal in the case of the City of Coral Gables v. Giblin was rendered. See: 127 So.2d 914. It was therein determined that the City of Coral Gables, Florida, was not liable to Virginia E. Giblin.
While the aforesaid action was pending, the City of Coral Gables, Florida, attempted to prosecute Judge Giblin in its Municipal Court.
Judge Giblin, thereupon, filed a sworn suggestion for Writ of Prohibition, in which he sought to prohibit the City of Coral Gables, Florida from prosecuting him on the charges which were then pending against him in the Municipal Court. A Writ of Prohibition was entered in the trial court; an appeal was taken to this court and dismissed because of the insufficiency of the assignments of error. See Municipal Court In and For Coral Gables v. Giblin, Fla.App.1961, 126 So.2d 285.
An amended complaint was then filed in this action, alleging essentially the identical facts and legal conclusions contained in the suggestion for Writ of Prohibition. The plaintiff, Virginia E. Giblin, was substituted as the administratrix of the Estate of Vin *436 cent C. Giblin, upon the death of Judge Gib-lin. Plaintiff moved for a judgment on the pleadings or a summary judgment in this cause and the defendant moved to dismiss and the same came on to be heard in the Trial Court.
The Trial Judge entered his final order, which stated in pertinent part, as follows:
“THIS ORDER comes on plaintiff’s motion for a summary judgment and the defendants’ motion to dismiss set forth in the defendants’ answer to the amended complaint and the Court, having heard argument of all counsel, and having reviewed the file, and it appearing to the Court that on the fifth day of January, 1960, the parties to this suit entered into and filed herein, a Stiuplation as follows:
Inasmuch as there is pending in the Third District Court of Appeal, the companion case of the City of Coral Gables v. Mrs. Virginia Giblin, in which the basic issues in the present law suit will be determined, it is hereby STIPULATED AND AGREED by and between counsel for the respective parties that further prosecution of this case be stayed pending the outcome of the companion case on appeal.
That it appears to the Court that the issues in this law suit as between the plaintiff and the City of Coral Gables are resolved in the ruling of the Third District Court of Appeal in the City of Coral Gables, Florida, a municipal corporation v. Virginia Giblin, 127 So.2d 914. Therefore, it is,
ORDERED AND DECREED that this suit is dismissed against the City of Coral Gables and Seymour Anderson, and furthermore, on the authority of The City of Coral Gables, a municipal corporation v. Virginia Giblin, 127 So.2d 914, the suit is dismissed against the City of Coral Gables, with prejudice.”
We affirm. The stipulation provided that the basic issues of the present case would be determined in the case of the City of Coral Gables v. Giblin, Fla.App.1961, 127 So.2d 914. The Trial Court has determined that they were resolved in that case.
No reversible error has been clearly demonstrated by the appellant and the final order of dismissal, with prejudice, be, and the same is, therefore,
Affirmed.