PEARSON, Judge.
The appellee, Mary Cohen, has moved to dismiss this appeal from a final judgment of divorce upon the ground that a single assignment of error is insufficient to support the two points raised on appeal. The appellant’s assignment of- error is:
“The Dade County Circuit Court erred in entering its final judgment of divorce on April 19, 1968 recorded in Circuit Court Minute Book 939 at Page 708 of the records of said court.”
His two points on appeal are:
“POINT I
Was the Chancellor’s award of $12.00 per week plus $1,200.00 as lump sum alimony supported by substantial competent evidence?
“POINT II
Did the Chancellor abuse his discretion in awarding $12.00 per week plus $1,-200.00 as lump sum alimony without considering all the facts and circumstances of the case, where the husband has retirement income of $185.00 per month and $6,000.00 in assets and the wife has $12,000.00 in assets ?”
The appellee relies upon Nicholson v. Nicholson, Fla.App.1967, 201 So.2d 907, interpreting the holding in that case to be that an appellant may not raise more than one point on appeal if he makes only one assignment of error. We think this interpretation is mistaken. It appears to us that two different points involving two elements of a final judgment of divorce may be argued under a single assignment of error if each arises from a single judicial act, namely, the entry of final judgment. This..is so because:
“[i]t often happens in equitable proceedings that the only recorded judicial act which the litigant can assign is the entry of a final or summary final decree, whereas in a common' law action, many judicial acts occur which may or could be the basis for appropriate assignments of error.” Porter v. Childers, Fla.App.1963, 155 So.2d 403, 404.
The court in the Nicholson case recognized the importance of this exerpt by quoting most of it (201 So.2d at 908).
Since it is clear that the questions presented in the points on appeal did not arise until the judgment of divorce was entered, we deny the appellee’s motion to dismiss.
It is so ordered.