PER CURIAM.
This is an appeal by the defendants below from conviction of manslaughter. The victim died following a beating by the appellants and two other men. Upon examining the record we conclude there is no merit to the appellants’ argument as to insufficiency of the evidence. The contention of the appellants that the court erred by failing to give a certain charge relating to the elements of the offense is rejected. That contention was without the support of an assignment of error thereon. See Municipal Court in and for Coral Gables v. Giblin, Fla.App.1961, 126 So.2d 285. No request was made to the court to so charge, and no objection was made with regard thereto at trial. See Brown v. State, Fla.1968, 206 So.2d 377, 384; Gibson v. State, Fla.App.1967, 194 So.2d 19, 20. No error was committed by the trial court in allowing, over objection, the presentation of expert testimony, from an experienced pathologist licensed as a medical doctor in another state, upon determination of his competency by the trial court, notwithstanding he had not been licensed as a doctor in Florida. The question of competency of a doctor to so testify depends upon whether he is shown to have “such skill, knowledge or experience with respect to the subject matter about which he is called to testify that it appears to the trial court that his opinion will probably aid the jury in the resolution of an ultimate issue of fact.” Seaboard Air Line R. Co. v. Lake Region Packing Ass'n, Fla.App.1968, 211 So.2d 25, 20-31; Copeland v. State, 58 Fla. 26, 50 So. 621, 624; Schley v. State, 48 Fla. 53, 37 So. 518, 519; Hayes v. United States, 10 Cir. 1966, 367 F.2d 216.
Affirmed.