320 So.2d 864 (1975)
P.L. COLEMAN and Jerry Cook, Appellants,
v.
Pace ALLEN et al., Appellees.
No. X-116.
District Court of Appeal of Florida, First District.
October 27, 1975.
*865 D. Michael Chesser, Fort Walton Beach, for appellants.
C. LeDon Anchors, of Estergren, Fortune & Anchors, Fort Walton Beach, for appellees.
PER CURIAM.
Appellants, defendants below, appeal from an adverse jury verdict alleging that certain jury instructions relating to res ipsa loquitur, foreseeability, and joint venture were erroneous and/or inadequate.
This case concerns the pollution of three small bodies of water or fish ponds located on three different parcels of property in Okaloosa County and owned by the three individual appellees. The parcels had a common link, a stream that flowed from appellants' property. Appellant Coleman, who does business as Coastal Asphalt Company, had owned the 40 acre tract from which the stream emanated. He had operated an asphalt plant on the property and had placed five large fuel storage tanks on the grounds there. When appellant Cook bought the property from Coleman, he permitted Coleman to leave the storage tanks in place as an accommodation. In the early winter of 1973, Coleman removed the fuel tanks to an asphalt operation in Milton which was in appellant Cook's name. Coleman candidly admitted that, in removing the tanks, approximately 1500 gallons of a water-oil mixture was accidentally dumped into a trailer hole located immediately adjacent to the storage tanks.
Around the first of January, 1974, appellees discovered that their fish ponds had become covered with a thick oil or similar petroleum product. In investigating the source of the oil, appellee Oglesby testified that she found three large holes located on appellants' property adjacent to the stream which appeared to have a residue of oil in them. Mrs. Oglesby, Brian Carter (an employee of appellee Sikes), and William T. Young (a member of the Florida State Department of Pollution Control) all testified that the appellants' property was the source of the oil, although Mr. Young did admit that the source of the oil could not be exactly determined. Testifying on this point on behalf of the appellants, Mr. George Black stated that the pollutants could not have originated from the appellants' property and could not have come from any further than the first pond.
Before we consider the merits of the points raised by appellants, we note our concern over the manner in which the points were presented to this Court. In their brief, appellants attack the correctness of certain instructions given by the trial judge to the jury. Yet, appellants' assignments of error merely allege that the verdict and judgment are contrary to the law and evidence and that the trial court erred in refusing to give a certain instruction requested by appellants. The latter assignment of error was not argued in appellants' brief and is therefore to be considered abandoned. The former assignment has been held by this Court to be clearly insufficient. (Gregg v. State Road Department, Fla.App.1st, 140 So.2d 328) A cursory glance at Rule 3.5(c), F.A.R., reveals that appellants have not embodied the following required essentials in their assignments of error. "The assignments or cross assignments of error shall designate identified judicial acts which should be stated as they occurred; grounds for error need not be stated in the assignment." Although appellants now argue that the jury instructions on res ipsa loquitur, joint venture, and foreseeability were not proper or sufficient, no reference whatsoever to the foregoing three instructions is to be found in appellants' assignments of error. The Florida Supreme Court has previously held that when an assignment of error relates to the giving or refusing to give specific charges to the jury, then the assignment should identify the charge erroneously given or refused. (Redditt v. State, Sup.Ct.Fla. 1955, 84 So.2d 317, Aff'd Sup.Ct.Fla. 1956, 88 So.2d 126)
Moreover, it appears that appellants' counsel did not specifically object to *866 the above mentioned instructions at trial. Appellants' counsel did object to the following instruction: "If an individual who owns property allows another to store upon that property, tanks containing substances which are negligently handled by the other party or his agents, employees or servants, which cause damage to other property owners, the property owner would be liable as such negligence is done and damage to other property owners is caused." No specific objection, however, was made to the instruction on res ipsa loquitur or joint venture, and no request was made to the trial judge for him to instruct the jury on foreseeability. Thus, upon evaluation of appellants' assignments of error and the objections raised at the trial level, we are limited in our consideration of the points raised in appellants' brief to the issue of whether fundamental error occurred.
A fundamental error is one which affects the very essence of the lawsuit. Our sister court of the Third District, when faced with a similar factual situation, stated: "There is only one possible exception to the requirement for an objection, that is where the record viewed as a whole demonstrates that the error complained of is so prejudicial that it may be considered a fundamental error which deprived the appellant of an impartial trial." (Frankowitz v. Beck, Fla.App.3rd, 257 So.2d 918 at 919).
Our reading of the record has led us to the conclusion that no fundamental error occurred. Appellants first assert that the trial court should not have instructed the jury on res ipsa loquitur because appellee did not establish by direct or circumstantial evidence that the source of the pollutant originated from an instrumentality under the control of either appellant. Although the evidence is conflicting on this point, there was direct testimony at trial by witnesses Oglesby, Carter, and Young from which the jury could have concluded (and apparently did conclude) that the pollutant emanated from appellants' property.
Neither did the trial court commit fundamental error by instructing the jury on joint venture or by failing to instruct the jury on foreseeability. As to the joint venture theory, the evidence in the record is again conflicting, but is sufficient to support a finding that the appellants were engaged in a joint venture. Finally, as to the element of foreseeability, it is entirely logical for a jury to conclude that the dumping of several hundred gallons of oil would result in damage to the appellees' property. Even though the trial court did not give an explicit instruction to the jury on foreseeability, it would be presumptuous for this Court to hold that the trial court erred in failing to give such a charge when appellants' counsel failed to request same.
Having found that the trial court committed no fundamental error and that the judgment is supported by the law and the evidence, we therefore affirm.
Affirmed.
BOYER, C.J., and RAWLS and McCORD, JJ., concur.