362 So.2d 273 (1978)
Harold RATNER et Ux., Petitioners,
v.
MIAMI BEACH FIRST NATIONAL BANK et al., Respondents.
No. 51131.
Supreme Court of Florida.
May 18, 1978.
Rehearing Denied October 4, 1978.
J. Leonard Fleet of Fleet & Packar, Hollywood, for petitioners.
Sidney B. Shapiro, Coral Gables, for respondents.
HATCHETT, Justice.
This case is before us on petition for writ of certiorari, seeking review of the order of the Third District Court of Appeal dismissing petitioners' appeal in that court on the grounds that petitioners' assignments of error were insufficient as a matter of law to support any appeal, because the assignments failed to identify any specific judicial acts alleged as error. The district court's decision conflicts with the principles set forth in Hurt v. Naples, 299 So.2d 17 (Fla. 1974); National Car Rental System, Inc. v. Holland, 269 So.2d 407 (Fla. 4th DCA 1972); Cohen v. Cohen, 217 So.2d 908 (Fla. 3d DCA 1969); and Nicholson v. Nicholson, 201 So.2d 907 (Fla. 4th DCA 1967). Therefore, we have jurisdiction to review this case pursuant to Article V, Section 3(b)(3). We reverse the district court's order dismissing this appeal and remand the case for a full review on the merits.
Respondents instituted an action in the trial court seeking to quiet title on certain properties. Petitioners filed a counterclaim to foreclose a mortgage on the same property. The trial court entered a final judgment quieting title, denying foreclosure, and awarding damages against another party *274 not involved in the present appeal. Petitioners filed a timely notice of appeal which expressly sought review of the order entered by the trial court denying petitioners' motion for a new trial, or in the alternative, a motion for rehearing. Petitioners subsequently filed assignments of error specifying that the judgment of the trial court was contrary to the law and also to the facts. Respondents moved to dismiss the appeal or, in the alternative, to strike petitioners' brief on the grounds that the assignments of error filed by petitioners were insufficient as a matter of law to support any appeal. The district court entered an order granting this motion, and dismissing petitioners' appeal in that court.
The district court apparently based its dismissal upon the decisions in Gregg v. State Road Department, 140 So.2d 328 (Fla. 1st DCA 1962), and Coleman v. Allen, 320 So.2d 864 (Fla. 1st DCA 1975), cert. den. 336 So.2d 105 (Fla. 1976). The decision in Gregg held that assignments of error must not be too general, and that an assignment which states merely that the lower court "rendered a judgment contrary to the law and evidence" is insufficient to support any points on appeal. The decision in Gregg was apparently based upon the predecessor rule to Fla.App. Rule 3.5(c), 1962 Revision. However, the newer Rule 3.5(c) liberalized the requirements for assignments of error no longer requiring that an appellant include grounds for error in the assignments. See, Nicholson v. Nicholson, supra.
In the present case, the notice of appeal and assignments of error were timely filed, and challenged the validity of the trial court's final judgment. The opposing parties and the appellate court were given sufficient notice of the order under review, and respondents' motion for dismissal alleges no facts showing prejudice to respondents from any deficiency in the assignments of error.
Recently, in Milar Galleries, Inc. v. Miller, 349 So.2d 170 (Fla. 1977), this court held that an appeal should not be dismissed if an examination of the notice of appeal and other appellate documents such as assignments of error, briefs, and other pertinent papers, show the parties have not been misled or prejudiced by any technical deficiencies. Our recently adopted Appellate Rules have continued the liberalizing trend, eliminating entirely the requirement for filing assignments of error.[*] Fla.App. Rule 9.040(e). The opposing party and the court are to be given notice of the name of the court to which the appeal is taken, the date of rendition of the order to be reviewed, and the nature of that order. Fla.App. Rule 9.110(d). The new rules require substantial compliance with the form of notice approved by the Supreme Court, set forth in Fla.App. Rule 9.900. However, defects in the notice of appeal are not to be considered jurisdictional defects, or grounds for dismissal, unless the complaining party was substantially prejudiced. The new rules require that alleged errors committed by the lower court be specified as issues in the briefs. Fla.App. Rule 9.210.
Accordingly, the present case is remanded to the district court with instructions to vacate the order dismissing petitioners' appeal.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, SUNDBERG and ALDERMAN, JJ., concur.
ENGLAND, J., dissents.
NOTES
[*] The new Appellate Rules do not govern the appeal in this case since it was commenced prior to March 1, 1978, Fla.App. Rule 9.010.