J. E. HARPER, *Plaintiff in Error,* v. R. P. BRONSON, as Receiver of BANK OF MAITLAND, *Defendant in Error.*

- En Banc.

Opinion filed November 20, 1929.

942

*G. P. Garrett* and *Hope Strong,* for Plaintiff in Error;

*Maguire & Voorhis,* for Defendant in Error.

ANDREWS, Commissioner:

A motion was filed in this Court on October 8, 1929, by plaintiff in error, who was defendant below, to amend his second assignment of error, as shown in the transcript which was filed in this Court August 8, 1929.

The second assignment of error as it appears in the transcript reads as follows:

"*Assignment of Errors* No. 2. The Court erred in entering its order upon the second amended pleas of the defendant."

The transcript of the record shows there are eleven "second amended pleas."

Under the decisions of this Court, if any one of the eleven pleas to which the demurrer was sustained is bad, the court's ruling would be sustained, it matters not if all the other ten pleas were good.

"Where single assignment of error attacks rulings sustaining demurrer to three separate pleas, appellate court need determine only that demurrer was properly sustained to one plea, unless all pleas are good." Town of DeFuniak Springs v. Perdue, 69 Fla. 326, 68 So. R. 234; Reliance Life Ins. Co. v. Gray, 89 Fla. 20, 102 So. R. 764.

Before this motion to amend the second assignment of error was filed, on October 8, 1929, a brief was filed by plaintiff in error on September 13, 1929, in which matters contained in each of the second amended pleas were presented and argued.

All the rulings and pleadings involved in the second assignments of error are contained in the transcript, and it appears that the amendment sought is to cover each one of the second series of amended pleas separately instead of *en masse*.

The question presented is whether or not plaintiff in error may upon application be permitted to amend his second assignment of error so as to cover points presented by the court's order sustaining a demurrer to each of said second amended pleas. No motion has been filed in this Court to dismiss by either party to the appeal.

Section 4636, Comp. Gen. Laws of Fla., 1927, provides as follows:

*"Proceedings in error shall be amendable as other proceedings* and no cause shall be dismissed by the appellate court for any defect or omission not insisted upon by the adverse party."

The above originally constituted Section 2, of Chapter 11890, Laws of Florida, 1927. The portion above italicized seems to be independent of, and covers a distinct proposition to, that of the remainder of that section.

Without going into the merits or demerits of the matters involved in the second assignment of error, it is our view that the motion to amend should be granted, and more especially as the matter sought by the amendment is a paper over which this Court would have had the power of remedy in the first instance.

In other words, while Special Rule 2 requires the filing of "a complete assignment of errors" at the time of applying to the clerk for the transcript of record, this is not the exclusive and only opportunity afforded plaintiff in error to file such complete assignment of errors. Section 4633, Comp. Gen. Laws of Fla., 1927, provides that:

"The plaintiff in error shall file in the appellate court his assignment of errors within three days after the filing of the copy of the record. If this be omitted, except for good cause shown, the writ of error shall, on motion of the defendant in error, be dismissed, unless the court shall allow further time."

If a "complete assignment of errors" is filed with the clerk of the trial court as required by Special Rule 2, and included in the transcript of the record, it is unnecessary

to again file them in the Supreme Court under the above statute. Farmer Concrete Works v. Gillooley, 91 Fla. 317, 107 So. R. 404.

It was also held in the above case that the failure to file the complete assignment of error to be relied on in the appellate court with the clerk "as a guide for making up the transcript" as required by Special Rule 2 of the Circuit Court Rules, requires the dismissal of the writ of error, either on motion made, or *sua sponte* when discovered by the Court. See also, Wang v. Larkin, 90 Fla. 419, 106 So. R. 406.

The amendment sought by plaintiff in error would not in any way, when granted, cause a change in the record used "as a guide for making up the transcript."

The second assignment of error attacks one ruling of the trial court, which designated a plural number of pleas thereby affected. If plaintiff in error had filed an assignment for each of the eleven amended pleas to which the demurrer was sustained at the time of requesting the clerk to prepare the transcript, it could not have resulted in any change in the record now before us except, of course, the separate items of assignment would have appeared in that portion of the transcript containing the complete assignments of errors.

Where the amendment sought does not involve a question of obtaining jurisdiction of this Court, it has long been our policy to follow a liberal attitude towards allowing amendments to the record, even before Section 4636, Comp. Gen. Laws of Florida, 1927, was enacted. See Nash v. Haycraft, 34 Fla. 449, 16 So. R. 324.

In view of the fact that our procedure has for many years permitted the filing of a complete assignment of errors in this Court, and that said Section 4636, Comp. Gen. Laws of Florida, 1927, provide that, "Proceedings in error

shall be amendable as other proceedings,'' and in view of the further fact that no material change in the transcript would be effected, it is our opinion that the motion to amend the second assignment of errors should be granted, and it is so ordered.

PER CURIAM.—This cause coming on to be heard upon the motion of counsel for plaintiff in error for leave to amend his second assignment of error, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered and. ordered by the Court that the said motion to amend the second assignment of errors in this cause be and the same is hereby granted.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.