105 So.2d 513 (1958)
Raymond C. McLENDON, Appellant,
v.
STATE of Florida, Appellee.
No. 23.
District Court of Appeal of Florida. Second District.
October 3, 1958.
L.J. Cushman, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and John C. Reed, Asst. Atty. Gen., for appellee.
KANNER, Chief Judge.
The prime aspect of this appeal centers in the question of whether certain comments made by the prosecuting attorney in his final argument to the jury invaded the rights secured to the appellant under that portion of Section 918.09, Florida Statutes, F.S.A.:
"* * * but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, * * *."
Appellant was jointly informed against with one Paul Furbee in four counts for the violation of the lottery laws of Florida: count one, with assisting, aiding in setting up, promoting or conducting a lottery known as bolita; count two, with setting up, promoting *514 or conducting a lottery known as bolita; count three, with disposing of money by lottery; and count four, with being interested in and connected with a lottery. He was found guilty under three counts and acquitted of the charge under the third count. He was sentenced to a term of five years in the state penitentiary.
Appellant did not testify on his own behalf, nor did he offer any witness. The comments of the prosecuting attorney in his closing argument, to which appellant takes umbrage, were:
"Mr. Allsworth: If you feel that either of us are in error on quoting the evidence, you have the right later on, to request to hear the testimony of any witness, that you don't understand. What would you have done under those circumstances? Would you have made a remark `I've been framed, if I'd known this bag and balls was in the house, I wouldn't have been here tonight?' Is that the remark of an innocent person who knows nothing at all about this? Would you have said something about somebody named Connors turning you up, or anybody turning you up, or snitching on you? I don't think so, I don't think it's reasonable for any of you to believe that that could conceivably happen in an incident like that make that remark. And if another man there with you, whom you may or may not know said `What is the use, he carries the bankroll', and if the officer searched you and found loose in your pocket, not in your wallet, but in your pockets, some seven hundred and some odd dollars, what would you say? What did he say  nothing." (Emphasis supplied.)
The comments above quoted apparently germinated from testimony given by a deputy sheriff relating to a conversation between one Vitale, also a deputy sheriff, and Furbee, the defendant who was jointly charged with appellant, at the time and at the scene of the arrest in the early part of December, 1956. This conversation transpired in the presence of the appellant, McLendon. Part of the statement made to the deputy sheriff by Furbee was to the effect that the money on his person was Christmas money and none of it was bolita money. In the statement he further said that he did not have any of the big money, the bankroll, and pointing to appellant, Furbee said, "He's got it all." The record is vague and uncertain as to whether McLendon made any response to such statement; nevertheless the fact is absolute that appellant did not testify concerning that incident.
A long line of decisions by the Supreme Court of Florida culminating in the very thorough exposition by Mr. Justice Thornal in the case of Gordon v. State, Fla. 1958, 104 So.2d 524, dealing with the subject matter of comment by a prosecuting attorney for failure of a defendant to testify, has adhered rigidly to the construction that a comment made by a prosecuting attorney directly or indirectly which is subject to interpretation by a jury as a comment upon failure to testify is an encroachment on this substantial right of a defendant, regardless of the character of the comment or the motive or intent, notwithstanding such comment is susceptible to a different construction. The harmless error statute has no application to a situation of this kind and, therefore, cannot be invoked. See Gordon v. State, supra; Simmons v. State, 1939, 139 Fla. 645, 190 So. 756; Trafficante v. State, Fla. 1957, 92 So.2d 811, and Way v. State, Fla. 1953, 67 So.2d 321.
We cannot say, under an analysis of the comments made and the language employed by the prosecuting attorney in the instant case that they were not subject to interpretation bringing such comments within the prohibitory range of the statute. Particularly the statements "to request to hear the testimony of any witness" and "What did he say  nothing?" could be readily interpreted as conveying the idea that appellant had not offered himself as a witness defensively.
*515 Conforming and adhering to the clear pronouncements of the Supreme Court on the subject of comment, we must conclude that the comment under attack constituted reversible error. The case, therefore, is reversed for new trial.
Reversed.
ALLEN, J., and SPOTO, I.C., A.J., concur.