ALLEN, Judge.
An information was filed against appellant containing two counts; the first count charged him with the breaking and entering of an automobile with intent to commit a felony and the second count charged him with grand larceny. Trial by jury was had and on February 20, 1958, appellant was found guilty of grand larceny under the second count of the information. The trial judge entered judgment on the verdict and sentenced appellant to five years in the state prison. From this judgment appellant takes this appeal.
The following two points are raised by the appellant:
“1. The trial court erred in denying appellant’s motion for mistrial which was made when the prosecuting attorney remarked upon the fact, either directly, or indirectly or by innuendo, during his final argument to the jury, that the appellant failed to take the witness stand or offer any evidence in his behalf, thereby denying to appellant the right to a fair and impartial trial as guaranteed by Section 12 of the Declaration of Rights of the Florida Constitution as well as due process of law and equal protection of law as guaranteed by the Fourteenth Amendment to the Federal Constitution.”
*273 “2. The trial court erred when it denied appellant’s timely motions for directed verdict of acquittal.”
We are of the opinion that there is sufficient evidence in the record for a jury determination of the guilt or innocence of the appellant. For this reason we rule against the appellant on the second point.
We shall reverse the trial court for failure to declare a mistrial upon the appellant’s motion as hereinafter set forth.
While attempting to bring to the attention of the jury a question of law, which they had a right to consider, the county solicitor was in the unfortunate position of violating the prohibition against commenting either directly or indirectly on the fact that the defendant did not take the stand to testify in his own behalf.
In the prosecution for receiving stolen goods the defendant’s unexplained possession of such stolen goods may justify conviction in the absence of other circumstances. Where defendant gives a credible account of how he came by such stolen goods, the State assumes the burden of proving such account untrue, but the jury in exercise of their prerogative to determine credibility may convict on proof of possession despite the lack of testimony directly disproving such explanation.
Joseph Budnick, a State’s witness, testified that on or about January 30, 1957, the appellant telephoned him and asked him whether or not he knew any one that would be interested in buying certain used camera equipment; that appellant said that the equipment was government confiscated equipment; that on January 30, 1957, appellant came to Budnick’s place of business in Miami, Florida, and showed him the equipment, which appellant had in the trunk of his car; and that the equipment was transferred from appellant’s car to Bud-nick’s car in order for Budnick to sell the same. Budnick then sold the equipment to one Alfred Infante for $400 which money was then delivered over to appellant. This camera equipment was identified as the equipment that was taken from the prosecuting witness’ car in Tampa and was the basis of the charges against the appellant.
Upon being questioned concerning this equipment the appellant stated he had no knowledge of the theft and at the trial offered alibi testimony that he was 120 miles from the scene of the crime at the time that it was committed. The appellant did not take the witness stand.
The full statement of the county solicitor’s closing argument is as follows: ■
“Everybody else testified to everything until we got to Detective Hancock when he questioned Furci and he didn’t know anything. That’s the difference, gentlemen. It’s clear black and white. And that’s why the State feels, and I am sure you feel, that this man Furci is not in the same position as these other people who have had possession of it. That’s why the State hasn’t charged them, too, because when they were questioned they came forth and gave their testimony, as you heard it. All save the defendant. And that’s the information we had and, to us, and I am sure to you, that constitutes an unexplained possession of recently stolen merchandise. You can’t overcome that.
“And then> here is the thing which I don’t want you all to go wrong on the defendant. What has been the defense to unexplained possession? Can you fund, in anything the defendant has said, which would give him an explanation for the possession of this property on January 30? Has he explained Ms possession in any way by his defense?” (Italics ours.)
It is probable that had the county solicitor stopped in his comment first above quoted we would not construe such statement as *274 directly or indirectly commenting upon the failure of the defendant to take the stand, but when he followed this with the underscored statement above, we think his comment was not on the failure of the witness to explain when he was questioned concerning his possession of recently stolen merchandise, but on the fact the appellant in the instant case had not taken the stand to explain his possession of the property.
The Supreme Court of this State, in a long series of cases, has jealously guarded the right of a defendant not to take the stand in a criminal case, and to have his failure to take the stand called to the jury’s attention.
In the recent case of Ard v. State, Fla. 1959, 108 So.2d 38, 39, the Supreme Court had before it a case very similar to the instant case now before this court. The Court, in an opinion by Mr. Justice Thomas, said:
“At the trial the appellant did not testify. Despite this situation the assistant county solicitor in his argument to the jury made the following comment:
“ ‘Another rule of law that the Court will charge you on is this. When you are found in possession of stolen property, then the Burden becomes on you, the burden is on you to make a rea^ sonable explanation of how you got it, and if no explanation is forthcoming that you find reasonable then the law is that the Jury has the right to bring in a verdict of guilty on that fact a person found in possession of stolen property. Now, like I pointed out to you, that is undenied here that this property was stolen, and it is undenied that this defendant moved two cartons of cigarettes, two cases of cigarettes himself in the trunk of the car, one case into the Penny Profit and brings back twenty dollars first, at least that is the part he accounted for, and then he gets five dollars more. Now, the Court will charge you that is the law. Ordinarily, as Counsel has remarked to you, I believe he has, or maybe I have, that the burden is on the State to prove the Defendant guilty beyond a reasonable doubt. That is true, but it is also the law that when a defendant is found in possession of stolen property the. burden then shifts to him to give a reasonable explanation of how he got into it. I ask you today if a reasonable explanation has been forthcoming. He has subscribed to a statement.’
******
“Often the line of demarcation between proper comment upon matters proved, and not refuted, and conflicts apparent in testimony on one hand, and references to failure of contradiction of the evidence of the State, supporting material elements of the charge, that amount to observations on the absence of a denial from a defendant himself, on the other hand, is most indistinct.
“Here we are confronted with the obligation of securing to the defendant the protection of the statute which reads: ‘nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf * * * ’ while recognizing the rule with reference to the explanation of a person possessing goods lately stolen who subsequently faces prosecution for having the property.
******
“It is fairly deducible from the solicitor’s remarks that he considered such an explanation should have been forthcoming during the trial and this position does not correspond with our understanding of the rule.
“He told the jury that a ‘burden’ was put upon a person possessing such stolen property to give a reasonable explanation and then stated, as will be seen from the italicized part of his quoted remarks, that -it ‘is’ undenied *275 that the appellant moved the stolen property; that the ‘burden’ had shifted to the defendant to offer a reasonable explanation and that none ‘has been forthcoming.’ We do not think the law was properly stated and we have the view that by the statement there was a reference to the failure of the appellant to testify. Way v. State, Fla., 67 So.2d 321”
In the instant case the prosecuting attorney, in his argument to the jury, said:
“ * * * What has been the defense to unexplained possession? Can you find, in anything the defendant has said, which would give him an explanation for the possession of this property on January 30? Has he explained his possession in any way by his defense ?”
In the case of Way v. State, supra [67 So.2d 323], the Supreme Court, in its opinion, said:
“We do not consider our harmless error statute to be applicable in a case such as this in which it is demonstrated that a statute has been violated. When it appears that there has been a violation of Section 918.09, supra, our harmless error statute does not come into play because Section 918.09, supra, was designed to protect the defendant in a criminal case from having the jury consider his failure to take the witness stand in his own behalf as even the slightest suggestion of guilt. When such impression has been made on the' minds of the jurors it cannot by this Court be said ‘that the error complained of has (not) resulted in a miscarriage of justice.’ ”
In two other very recent cases, Trafficante v. State, Fla.1957, 92 So.2d 811, and Gordon v. State, Fla.1958, 104 So.2d 524, the Supreme Court has reversed the lower court for failure to grant a mistrial upon improper comments by the prosecuting attorney to the jury on the failure of the defendant to take the stand in his own defense. See also McLendon v. State, Fla. App.1958, 105 So.2d 513.
The lower court is reversed for a new trial.
KANNER, C. J., and SHANNON, J., concur.