PER CURIAM.
Appellants were indicted, tried, convicted and adjudged guilty of the crime of abortion. From the judgment and sentence imposed thereby, they have appealed.
Among the several errors assigned is one predicated upon the ground that the trial court erred in denying defendants’ motion for a mistrial immediately after the State Attorney’s reference and comment in his closing argument to the jury on appellants’ failure to take the witness stand and testify in their own defense during the trial.
The record reveals that in his closing argument to the jury the State Attorney said:
“I might say in closing that you will note that the defendants failed to take the stand in their own defense, however, the evidence as submitted to you on the witness stand is such, gentlemen, that there is only one verdict that you can bring and that is guilty as charged, and any other verdict other than guilty is your responsibility and not ours.”
Immediately following the foregoing comment by the State Attorney, defendants moved for a mistrial on the ground that such comment was improper, prejudicial and contrary to the requirements of law. The motion for mistrial was denied.
F.S. Section 918.09, F.S.A., provides as follows:
“In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, and a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury.”
The foregoing provision of the statute has been repeatedly interpreted by our Supreme Court to mean that any comment upon the failure of the defendant to testify in his own defense is prohibited. Comments of this character infect the trial with such fatal error that the granting of a new trial is mandatory.[1] The character of the comment, or the motive or intent with which it is made, is immaterial as such comment is subject to an interpretation which would bring it within the statutory prohibition regardless of its susceptibility to a different construction. The comment of the State Attorney might merely have been lapsus linguae in the heat of argument but *773 nevertheless constitutes a violation of the statute.[2]
In his brief filed in this cause on behalf of the State of Florida the Attorney General, in commendable frankness and candor, has acknowledged the commission of the above stated error and signifies his agreement with appellants that because of such error the case must be remanded for a new trial. The unfortunate transgression by the State Attorney, although apparently inadvertent, leaves this court without alternative but to reverse the judgment of conviction and order a new trial of the cause. In view of this disposition we deem it unnecessary to consider or pass upon the remaining assignments of error.
Reversed for new trial.
WIGGINTON, C. J., and STURGIS and CARROLL, DONALD K., JJ., concur.

. McLendon v. State, Fla.App.1958, 105 So.2d 513; Gordon v. State, Fla.1958, 104 So.2d 524.

. Traficante v. State, Fla.1957, 92 So.2d 811.