126 So.2d 152 (1961)
Buckley OTTO, Appellant,
v.
STATE of Florida, Appellee.
No. 60-295.
District Court of Appeal of Florida. Third District.
January 23, 1961.
Rehearing Denied February 8, 1961.
Truett & Watkins and Harold Heller, Garber & Chadroff and Joseph H. Ganz, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
PER CURIAM.
On appeal from a judgment of conviction and sentence, the appellant urges one ground for reversal. He contends, since he did not take the stand as a witness or offer evidence in his own behalf, that the remarks of the prosecuting attorney in his closing argument to the jury constituted reversible error.
Appellant's counsel in his opening statement to the jury said:
"We will show you through the testimony of the defendant, who will openly admit he has a previous criminal record, that he was on the premises of the Carillon Hotel on February 22, 1960, since he had been out to purchase a dress for his wife."
The prosecuting attorney in his closing argument made the following statement:
"Another piece which completes the puzzle, the attitude of the defendant on his arrest. He says he has never been arrested yet defense counsel in his opening statement mentioned the fact that he had been convicted."
Appellant's counsel objected to the prosecuting attorney's statement and moved for a mistrial. The court denied the motion, *153 but stated that he would instruct the prosecuting attorney not to make any further mention of the fact. He further refused to instruct the jury to disregard the prosecuting attorney's remarks.
We conclude from the record, and particularly the remarks of the prosecuting attorney, that such remarks constitute prejudicial and harmful error and, therefore, warrant a reversal of the judgment of conviction and sentence.
We realize, as did the able trial judge, that a determination of the harmful or harmless effect of the prosecuting attorney's comments is one that is extremely difficult to make. Nevertheless, we conclude that it constitutes an indirect comment on the failure of the appellant to take the stand and clear up the contradiction implicit in the prosecuting attorney's comment. In this regard, we think the language of Judge Kanner in McLendon v. State, Fla.App. 1958, 105 So.2d 513, 514, adequately sums up the prevailing rule in this state:
"A long line of decisions by the Supreme Court of Florida culminating in the very thorough exposition by Mr. Justice Thornal in the case of Gordon v. State, Fla. 1958, 104 So.2d 524, dealing with the subject matter of comment by a prosecuting attorney for failure of the defendant to testify, has adhered rigidly to the construction that a comment made by a prosecuting attorney directly or indirectly which is subject to interpretation by a jury as a comment upon failure to testify is an encroachment on this substantial right of a defendant, regardless of the character of the comment or the motive or intent, notwithstanding such comment is suspectible to a different construction. The harmless error statute has no application to a situation of this kind and, therefore, cannot be invoked. See Gordon v. State, supra; Simmons v. State, 1939, 139 Fla. 645, 190 So. 756; Trafficante v. State, Fla. 1957, 92 So.2d 811, and Way v. State, Fla. 1953, 67 So.2d 321." [Emphasis supplied.]
In view of the conclusions reached, the judgment of conviction and sentence is reversed and the cause is remanded for a new trial.
Reversed and remanded.
HORTON, C.J., and CARROLL, CHAS., J., concur.
PEARSON, J., dissents.