127 So.2d 460 (1961)
Lena MILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 1936.
District Court of Appeal of Florida. Second District.
March 1, 1961.
Sandstrom & Hodge, Fort Lauderdale, and Edward C. Flood, Bartow, for appellant.
Richard W. Ervin, Atty. Gen., and Edward S. Jaffry, Asst. Atty. Gen., for appellee.
KANNER, Acting Chief Judge.
During jury trial, the defendant, not being represented by counsel, refrained from testifying, offering any witness, or making any argument to the jury. The prosecutor, in the course of his argument to the jury on behalf of the state, after the case had been concluded as to the taking of testimony, made a statement that the defendant "hasn't presented testimony." The defendant contends on the appeal that this statement invaded a substantial right secured to her by section 918.09, Florida Statutes, F.S.A., and compels reversal of her conviction by the jury under the charge of attempting to commit murder and the subsequent sentence of ten years in the state prison pronounced by the trial judge.
The substantial right alluded to ensures under the statute that "* * * no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, * * *"
The statement here objected to, in its pertinent context, was as follows:
"It might seem to you that I should waive my right to argue this case to *461 you, but that would be a dangerous thing to do for this reason:
"You might take it to mean that I took it for granted you were going to bring in a verdict of guilty. You told me in the beginning of this case that you would try it fairly and impartially, that you would treat the Defendant the same way you would treat the State. I don't think I should take for granted, just because she hasn't presented testimony or been represented by counsel, I should not argue the case to you, but I do feel that what I should do is summarize the evidence for you, tell you what the State's theory is, and then leave it to your good judgment." (Emphasis supplied).
The state, with frankness, concedes that the remark was made before the court and jury and that under prior decisions in certain Florida cases similar remarks have been held to require reversal, even in the absence of any objection voiced in the trial court.
It is the state's position, in effect, that the record, of itself, shows defendant's guilt and that the entire statement as quoted above reveals that the prosecutor was not arguing the persuasive force of the evidence nor trying to indicate the defendant's guilt. It is asserted that the comment was not an integral part of the prosecutor's discussion of the defendant's guilt, but that in voicing it, he was merely explaining to the jury in the introductory portion of his argument that he was not required to waive his right to argue the state's case to the jury simply because of the fact that the defendant was not represented by counsel and did not testify. The state, therefore, for these reasons, urges that the construction placed upon the prohibitory language of the statute by Florida cases as to similar comments should not be held to apply to the present one.
It makes no difference that the remark was innocently or inadvertently made, nor does it matter that no harm was intended. The fact remains that the comment was made and that it points up the failure of the defendant to testify. Clearly, the remark contravenes the interdictory provision of the statute. See Gordon v. State, Fla. 1958, 104 So.2d 524; Trafficante v. State, Fla. 1957, 92 So.2d 811; Way v. State, Fla. 1953, 67 So.2d 321; Simmons v. State, 1939, 139 Fla. 645, 190 So. 756; and McLendon v. State, Fla.App. 1958, 105 So.2d 513. We must reverse the judgment and sentence and remand the cause for new trial.
Reversed and remanded.
SHANNON, J., and HEWITT, ROBERT S., Associate Judge, concur.