133 So.2d 565 (1961)
Henry T. TOLLIVER, Appellant,
v.
STATE of Florida, Appellee.
No. 61-5.
District Court of Appeal of Florida. Third District.
October 12, 1961.
Rehearing Denied November 3, 1961.
Robert L. Koeppel and Marco Loffredo, Miami, for appellant.
Richard W. Ervin, Atty. Gen. and Herbert P. Benn, Asst. Atty. Gen., for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
Appellant, who was convicted of third-degree murder and sentenced to 15 years, seeks reversal of his conviction primarily because of remarks made by the prosecutor in his closing argument, which, by "reference", tended to show that the appellant-defendant did not take the stand in his own defense, although he was sworn along with other witnesses in the presence of the jury. Said comments were within those prohibited by § 918.09, Fla. Stat. 1959, F.S.A., being as follows:
"* * * There has been a lot of whining going on about why didn't this happen or why didn't that happen. Well, they subpoenaed some witnesses, too. They could have used all of the witnesses we subpoenaed. There was a *566 lot more. You saw them stand up here and raise their hands to be sworn.  * * *"
At the conclusion of the arguments, the able trial judge made the following comment:
"The Court: I think perhaps your final summation showed a little bit of overzealousness. and I am wondering, if I let this case go to the jury, whether these defendants will get a fair and impartial trial. * * *"
Section 918.09, Fla. Stat. 1959, F.S.A., reads as follows:

"Accused may make himself a witness.  In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, and a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury." [Emphasis added.]
This statute, or its predecessors have been a part of the law of this State since 1853, and affords an accused protection from any comment, either directly or indirectly, by the prosecution on his failure to take the stand in his own defense. This is so because if an accused does not take the stand and the State is permitted to comment on such failure in closing argument this, in effect, makes the accused a witness against himself, contrary to § 12 of the Declaration of Rights of the Florida Constitution, F.S.A. A review of the decisions of the appellate courts of this State discloses that they have been ever alert to prevent any violation of either the letter or the intent of § 918.09, Fla. Stat. 1959, F.S.A. See Milton v. State, Fla.App. 1961, 127 So.2d 460; Otto v. State, Fla.App. 1961, 126 So.2d 152; Ard v. State, Fla. 1959, 108 So.2d 38; McLendon v. State, Fla.App. 1958, 105 So.2d 513; Gordon v. State, Fla. 1958, 104 So.2d 524; Hathaway v. State, Fla.App. 1958, 100 So.2d 662; and Way v. State, Fla. 1953, 67 So.2d 321.
The comment of the prosecutor in calling attention to the fact that the accused was sworn, certainly could reasonably have called to the attention of the jury the fact that the accused had not testified. Therefore, the comment was such as is prohibited by the statute. Moreover, the able trial judge clearly recognized at the time of the closing argument that such comment possibly prevented the accused from receiving a fair trial, and, so viewing the matter at the time of the trial, in justice to the cause he should have granted the motion for new trial.
The conviction and sentence are reversed and this cause is remanded for a new trial.
Reversed and remanded.