PEARSON, TILLMAN, Chief Judge.
The defendant was found guilty at a jury trial of breaking and entering a dwelling and of grand larceny. He was sentenced to fifteen years on the first charge and five on the second — the terms to run consecutively.
The defendant did not take the stand, nor did he offer any evidence in his own behalf. During the closing argument of the State, the Assistant State Attorney made several separate statements which counsel for the appellant construed as comments by the State upon the defendant’s failure to take the stand. Such comments are specifically prohibited by § 918.09, Fla.Stat., F.S.A. The court sustained objection to the comments, but denied appellant’s motion for a mistrial. After the verdict, the defendant moved for a new trial upon the same ground (among others), and the motion was denied.
On this appeal the appellant urges that the trial judge erred by denying a mistrial and relies upon Trafficante v. State, Fla. 1957, 92 So.2d 811; McLendon v. State, Fla.App.1958, 105 So.2d 513; Furci v. State, Fla.App.1959, 113 So.2d 272; Otto v. State, Fla.App.1961, 126 So.2d 152; and Tolliver v. State, Fla.App.1961, 133 So.2d 565.
The State in its brief and at oral argument admits that in regard to the comments made by the Assistant State Attorney the court would have committed reversible error in denying the motion for a mistrial if the comments had not been in retaliation to comments made by the attorney for the defendant in his closing argument. It is the contention of the State that by authority of Waid v. State, Fla.1952, 58 So.2d 146; Pinkney v. State, Fla.App.1962, 142 So.2d 144; and Nations v. State, Fla.App. 1962, 145 So.2d 259, comments of the prosecutor in this case were not reversible error because counsel for the appellant had called to the attention of the jury the fact that appellant had not testified in his own behalf.
We do not think that either the Waid or Nations decisions stand for the proposition that once defense counsel mentions the failure of his client to take the stand, this opens the door to any and all comment and elaboration which the State wishes to make in response thereto. Insofar as the Pink-ney case refuses to interpret comments of the State Attorney in his closing argument because defense counsel had mentioned to the jury that defendant had not testified, we disagree. In the case before us, the comments reflected by the record clearly were intended to influence the jury against the defendant because of his failure to take the stand. They had no other purpose and their repetition after admonition by the court made their purpose clear. The court should have granted a mistrial and the failure to do so was reversible error.
Reversed and remanded for an order granting a new trial.