175 So.2d 586 (1965)
Fred C. BURSE, Appellant,
v.
STATE of Florida, Appellee.
No. 64-893.
District Court of Appeal of Florida. Third District.
June 1, 1965.
Robert L. Koeppel, Public Defender, and Philip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and James T. Carlisle, Asst. Atty. Gen., for appellee.
*587 Before TILLMAN PEARSON, CARROLL and SWANN, JJ.
CARROLL, Judge.
This appeal is from an order summarily denying a petition for relief under Criminal Procedure Rule 1, Ch. 924 F.S.A. Appendix.
Appellant and one Henry T. Tolliver were tried together in the criminal court of record in Dade County and the jury declared them guilty of third degree murder. Judgment was entered and each was sentenced to be confined in the state penitentiary for a period of 15 years.
On a timely appeal taken by the defendant Tolliver, we reversed the judgment as to him and remanded for new trial, holding that certain statements made by the prosecuting attorney in his closing argument amounted to comment on the failure of the defendants to testify in their own behalf, in violation of § 918.09, Fla. Stat., F.S.A., which interdicts such comment. See Tolliver v. State, Fla.App. 1961, 133 So.2d 565. This appellant, who took no appeal, filed his petition under Rule 1 four years after judgment and while serving the sentence.
The question which this appeal presents is whether this established error which if appealed could have brought reversal and an order for new trial, was properly rejected by the trial court as a ground for relief under Rule 1, under the general proposition that errors which may be presented on appeal may not be the basis for collateral attack when appeal was not taken,[1] or whether a prosecutor's comment on failure of the defendant to testify amounts to a denial of due process and of a fair trial such as to render the judgment subject to collateral attack.[2] We hold the latter is applicable here.
The statutory inhibition to comment by the prosecutor on the failure of a defendant to testify in his own behalf in a criminal trial is a protection against self-incrimination. It is a constitutionally guaranteed right, the infringement of which amounts to a want of due process of law and denial of a fair trial, and where it can be shown to have occurred it may be the basis for collateral attack of the judgment by petition under Rule 1.
In Rowe v. State, 87 Fla. 17, 98 So. 613, the Supreme Court of Florida said that such comment by a prosecutor on failure of a defendant to testify in his own behalf deprives him "of his constitutional right to a fair and impartial trial." And in Gordon v. State, Fla. 1958, 104 So.2d 524, 540, in discussing this protection to a criminal defendant against self-incrimination, as guaranteed by Section 12 of the Declaration of Rights of the Florida Constitution, 25 F.S.A., and the statute, § 918.09, Fla. Stat., F.S.A., the Supreme Court said: "* * * We have throughout the years consistently adhered to the proposition that this is a binding and obligatory restriction placed on prosecuting officers as an aspect of due process in order to preserve to defendants the full measure of their constitutional privilege against self-incrimination." That the Supreme Court has regarded such comment as amounting to a denial of a fair trial is shown by holdings that it is ground for reversal on appeal though no objection was made thereto at trial, and by holding that the injury is such that efforts of the trial judge to explain it away or to caution the jury against its influence will not eradicate its adverse effect. Thus, further *588 in the opinion in Gordon v. State, supra (at p. 540) the Supreme Court said:
"Since Rowe v. State, 87 Fla. 17, 98 So. 613, this court has been aligned with the courts of other states which hold that when the prosecuting officer violates this rule, the trial becomes infected with error even though no exception is taken at the time and despite the fact that the trial judge might immediately rebuke the prosecutor for the violation. * * * Immediately there is created in the mind of the average juror an ill-founded and prohibited prejudice which cannot be erased or eradicated either by apology or by judicial admonition. Barnes v. State, Fla. 1951, 58 So.2d 157. As so aptly described by Mr. Chief Justice Terrell in Carlile v. State, 129 Fla. 860, 176 So. 862, 864, such a prejudice `clings to the mind like a tattoo on the epidermis'. Ordinarily improper remarks of counsel to the jury can be remedied by appropriate instructions by the trial judge. Consequently under ordinary circumstances such inappropriate remarks will not be reviewed by an appellate court unless timely objection is made in the lower court. This rule, however, is subject to the exception that if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence then on appeal they may be considered as error even in the absence of an objection in the trial court. Carlile v. State, supra."
Recently the guarantee against self-incrimination in the federal sphere, as provided for in the Fifth Amendment to the Constitution of the United States, was made applicable to the states (Malloy v. Hogan, (1964) 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653). And subsequently the Supreme Court of the United States held that comment by a prosecutor on a defendant's refusal to testify in his own behalf, in a state criminal trial, violates the Fifth Amendment of the federal Constitution in its guarantee against self-incrimination. Griffin v. California (1965), 85 S.Ct. 1229.
There is no need, after remand, for a further hearing to determine whether the prosecutor commented at the trial on failure of this and the other defendant to testify in their own behalf, because the fact that such comment was made, and its effect, were established on the appeal taken by the defendant Tolliver.
Accordingly, the order denying appellant's petition under Rule 1 is reversed, and the cause is remanded with directions to grant the petition and order a new trial.
NOTES
[1] Harper v. State, Fla.App. 1965, 168 So.2d 325; Lambert v. State, Fla.App. 1965, 169 So.2d 374; United States v. Walker, 2 Cir.1952, 197 F.2d 287, 288; Kyle v. United States, 2 Cir.1959, 266 F.2d 670, 672, cert. denied 361 U.S. 870, 80 S.Ct. 131, 4 L.Ed.2d 109.
[2] French v. State, Fla.App. 1964, 161 So.2d 879; United States v. Sobell, 2 Cir.1963, 314 F.2d 314, 322-323, cert. denied 374 U.S. 857, 83 S.Ct. 1906, 10 L.Ed.2d 1077. Cf. Sunal v. Large, 1947, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982; Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.