183 So.2d 245 (1966)
Grace Marie SINGLETON, Appellant,
v.
STATE of Florida, Appellee.
No. 6154.
District Court of Appeal of Florida. Second District.
February 4, 1966.
Rehearing Denied March 2, 1966.
*246 James W. Moore, Naples, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert G. Stokes, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
Information was filed in the Collier County Circuit Court charging Grace Marie Singleton, appellant (defendant) herein, with the offense of grand larceny, the property allegedly stolen being one D.B. David Bradley chain saw owned by Leon N. Whilden, Jr. The information was filed on September 26, 1961, alleging the crime to have been committed on September 8, 1961, but defendant was not arraigned until April 22, 1963. The record filed here does not enlighten us as to the reason for the delay.
On said April 22, 1963, Order was entered by the Circuit Judge consolidating the case against defendant with a similar case against her husband, Malcolm Ray Singleton.[1]
Defendant and her husband were tried jointly, resulting in a jury verdict of guilty as to each of them. Motion for new trial being denied, defendant was adjudged guilty by the Court, imposition of sentence was suspended, and she was placed on probation.[2] From such order granting probation, defendant has appealed to this Court.[3]
Numerous grounds are urged in this Court for reversal, but we deem only one of sufficiently serious import to warrant detailed discussion here, namely, the propriety of the State Attorney, in his closing argument to the jury, alluding to the failure of the defendant to testify in her own behalf. And before that question can be reached, we must first determine whether or not the language allegedly used by the State Attorney is sufficiently authenticated to this Court by the Transcript of Record to permit consideration on the merits. For the reasons hereinafter stated, however, we conclude, first, that the state of the record does permit consideration of the main question here, and secondly, such remarks did constitute prejudicial error to a reversal.
The record reflects that argument of respective counsel to the jury was not taken down or reported in haec verba by the Court Reporter and was therefore not certified by the reporter nor otherwise included as a part of the original record.[4]
*247 The jury returned its verdict against defendant on April 22, 1963, and on May 1, 1963, Motion for New Trial was filed in her behalf which, among other things, contained the following ground:
"(2) That the Assistant States Attorney, in his closing statement to the jury was guilty of misconduct by commenting upon the failure of Defendant to testify or attempt to refute the testimony of the State's witnesses, by stating in effect that the state had proved its case by two impartial witnesses and then stating `And I call your attention to the manner in which the Defendants have testified in refuting their' (the State's witnesses) testimony, `where Defendant Malcolm Ray Singleton on direct examination testified only as to two questions viz, whether he was married to Grace Marie Singleton and in what county he was at the time the States witnesses forced him to stop, and on one question on cross-examination, whether he had been convicted of a felony, and Defendant Grace Marie Singleton did not testify at all.'"
On June 27, 1963, there was filed on behalf of defendant, Grace Marie Singleton, an "Affidavit in Support of Motion for New Trial," which was signed and verified under oath by defendant's counsel on the same day, and is as follows:
 "STATE OF FLORIDA |
 >
 COLLIER COUNTY |
"I HEREBY CERTIFY, That on this day personally appeared before me, the undersigned authority, JAMES W. MOORE, who, being by me first duly sworn, says on oath:
"1. That affiant was the attorney for the Defendants, Malcolm Ray Singleton and Grace Marie Singleton, in the criminal cases numbered respectively No. 793 and 794, in the above Court, which cases were consolidated for trial purposes and tried on April 22, 1963; that affiant was present at said trial, heard and made notes upon certain remarks made by the Prosecuting Attorney in his closing statement to the jury, and made oral Motion for Mistrial in which Motion was quoted the words objected to; that said closing argument was not recorded by the Court Reporter and this affidavit is therefore made in support of the Motions for New Trial filed in each of said cases.
"2. That the Defendant, Grace Marie Singleton did not testify at said trial, but called Malcolm Ray Singleton as a witness, specifying that he was called as a witness in her case; and Defendant, Malcolm Ray Singleton did not testify on his behalf in the case against him; that as witness in Grace Marie Singleton's case, Malcolm Ray Singleton answered two questions on direct examination and one question on cross-examination.
"3. That in his closing statement to the jury, the Prosecuting Attorney, after stating to the effect that the State of Florida had proved its case by two witnesses, who testified fully upon the facts which the State contended proved the States charges, then stated:
"`And I call your attention to the manner in which the Defendants have testified in refuting their' (the State's witnesses) `testimony'."
The record shows that the Motion for New Trial was denied on July 15, 1963. Defendant was not adjudged guilty and placed on probation until January 7, 1965. But, ninety days thereafter, on April 7, 1965, she filed her Notice of Appeal from said judgment to this Court. The Assignments of Error thereafter filed contained the following three numbered grounds, all referring to comment upon her failure to testify:
"4. That the Assistant States Attorney, in his closing statement to the jury, commented upon the failure of *248 Defendant, who did not testify, to testify in the case.
"5. That the Court erred in denying Defendant's Motion for Mistrial, which motion was grounded upon the comments made by the Assistant States Attorney about Defendant's failure to testify.
"6. That the Court erred in refusing to instruct the jury to disregard the Statements of the States Attorney pertaining to Defendant's failure to Testify."
It is doubtful whether, if the foregoing constituted the entire record evidence of the alleged comment to the jury, it would have been sufficiently authenticated to this Court to permit consideration of the question here. Ordinarily, where objectionable comments to the jury are evidenced only as a part of a Motion for New Trial, any question as to the propriety of such remarks may not be considered on appeal.
In Ailer v. State, Fla.App. 1959, 114 So.2d 348, a case involving conviction for abortion, the Prosecuting Attorney in his argument to the jury "stated, in effect, that the accused had been committing abortions for years." The argument of counsel was not stenographically reported and this Court in its opinion stated (text 114 So.2d 351):
"The state asserts that the remark by the prosecuting attorney during closing argument, since it does not affirmatively appear in the record, cannot be considered and that its appearance in a motion for new trial does not suffice. We agree that where allegedly improper argument of a prosecuting attorney to a jury does not appear in the record, a motion for new trial averring the alleged improper remark is not self-proving and cannot activate such remark as a basis for error on appeal."
The objectionable comment in Ailer, however, was considered upon its merits by this Court because the factual making of the comment had been given certitude and vitality by the trial Judge in a five-page Order denying the Motion for New Trial.
In Brooks v. State, Fla. 1953, 64 So.2d 914, the Supreme Court said:
"Appellant's contention on the second question is that the state attorney improperly in his closing argument referred to the appellant's past criminal record. The argument of the state attorney does not appear in the record, except for what is shown in the motion for new trial, but such motion is not self proving. The court is unable therefore to review the question."
To the same effect see Houghton v. State, Fla.App. 1961, 133 So.2d 111; Hulst v. State, 123 Fla. 315, 166 So. 828; Holloman v. State, 140 Fla. 59, 191 So. 36; and Norris v. State, 150 Fla. 686, 8 So.2d 493. These cases involve attempts to raise the impropriety of alleged prejudicial remarks only by their bare and unsubstantiated inclusion in a Motion for New Trial.
As to whether such comments may be considered when attested by affidavits or sworn evidence in support of such a motion, the law is unsettled in this State. In Burns v. State, 150 Fla. 869, 9 So.2d 106, the Supreme Court, touching upon this question, said:
"Another ground of the motion for a new trial is the alleged misconduct of the Assistant State Attorney during the progress of the trial of the case and while addressing the jury in behalf of the State of Florida, when the said prosecuting officer stated to the jury that it was his belief that the defendants were each guilty of the said offense as charged in the information. It is contended that the argument of the Assistant State Attorney was harmful, prejudicial and an invasion of the constitutional rights of the appellants. The record certified to this court shows a motion for new trial, but the motion appears not to have been sworn to; *249 neither were affidavits offered in support of the facts made a part thereof, nor was testimony adduced in the lower court by the movant for the purpose of establishing the matter in pais.

* * * * * *
"The bare and unsupported motion for a new trial not accompanied by any affidavits or evidence in support thereof precludes this court from considering the merits of the contention here presented." (Emphasis supplied).
In Turner v. State, 99 Fla. 246, 126 So. 158, the second headnote reads:
"The averment in a motion for new trial, unsupported by affidavit or other proper evidence, are not self-supporting and not evidence of the facts averred in it." (Emphasis supplied).
See, to the same effect generally, Thompson v. State, 58 Fla. 106, 50 So. 507; Kelly v. State, 39 Fla. 122, 22 So. 303; McGowan v. State, 89 Fla. 5, 102 So. 890; and Russ v. State, Fla. 1957, 95 So.2d 594. Cf. Simms v. State, Fla. 1953, 64 So.2d 561.
The sum total of the foregoing cases is that the vital question of whether allegedly improper comments to a jury may be considered when raised only in a Motion for New Trial, even though the motion is supported by affidavits or sworn testimony, is still reposing in a hazy twilight zone. The authorities seemingly pose the question in a sort of double-negative manner; but whether the double-negative amounts to an affirmative is left more or less to conjecture. And if it be assumed arguendo that such issue may be so raised, a further question would then recur, how much proof would be required to establish the fact, and what would happen if such proof was similarly contravened? This latter situation was partially involved in Parker v. State, 70 Fla. 152, 69 So. 696, but was given no definite answer.[5]
But fortunately for defendant, her counsel took steps within time to rectify the deficiency by correcting the state of the record here so as to remove any doubt as to the right of this Court to consider on its merits the fundamental point involved.
On September 20, 1965, while this case was still pending here upon appeal and before it had been submitted to this Court for decision, the Circuit Judge entered and filed in the Circuit Court case his "Order Correcting Record" which, in its salient parts is as follows:
"THIS CAUSE came on to be heard upon Defendant's Motion to Correct Errors And Supply Deficiencies in the Record, and the Court having heard and considered arguments of counsel for the respective parties, and being fully advised in the premises, finds:
* * * * * *
"2. That, the Transcript of Proceedings and Testimony as made by the Reporter, reflects, without outside evidence, that it is replete with errors and omissions in Transcription and that numbers of material proceedings had in the course of trials [sic] * * * were omitted from or incorrectly reported by the said Transcript.
"3. That, the Motion for New Trial and affidavit made in support of said Motion, the statements of counsel for Defendant, all strengthened by notes made and used at the trial by said counsel, *250 it appears that the transcript is deficient, in that:
* * * * * *
"B. That, the Transcript fails to record that closing arguments were made by counsel, or that, during the course of the argument by the State Attorney, Defendant objected to a statement made by the States Attorney, in effect, that whereas the State had proved its case by two witnesses, who had testified fully; `and I call your attention to the manner in which the Defendants have testified in refuting their' (the States witnesses) `testimony', which objection was overruled; and that Defendant's counsel requested the Court to instruct the Jury to disregard the statement, which the Court refused to do;
* * * * * *
"4. That, in the interest of justice, corrections should be made in the above regards, IT IS THEREUPON ORDERED as follows:
* * * * * *
"2. That, page 50 of the Transcript Proceedings And Testimony in the above cause be corrected and amended to show:
* * * * * *
"B. That, closing arguments were made by counsel for the respective parties and that the States Attorney in his closing argument, after stating in effect that the State had proved its case by two witnesses, who had testified fully, then stated
`And I call your attention to the manner in which the Defendants have testified in refuting their testimony.'
and the Defendant's objection to said statement was overruled by the Court, his request that the Court instruct the jury to disregard the statement, and his Motion for Mistrial, based upon said statement, were both denied by the Court.
"DONE AND ORDERED at Chambers, East Naples, Collier County, Florida, this 20th day of September, A.D. 1965.
 /s/ Harold S. Smith 
 CIRCUIT JUDGE"
The foregoing Order was thereafter duly certified to this Court on September 23, 1965 by the Clerk of the Circuit Court in the form of a certified Supplemental Transcript of Record. So that, assuming there was inherent or specific authority in the Court below to enter the corrective order and have same properly certified to this Court as a part of the appeal papers here, the avenue will be clear for this Court to consider the main question involved. We find that the trial Court had both inherent power and also specific authority to do what it did.
Inherent authority is bulwarked by Harper v. Bronson, 98 Fla. 941, 124 So. 732; Crenshaw Bros. Produce Co. v. Harper, 142 Fla. 27, 194 So. 353; Red Top Cab & Baggage Co., etc. v. Dorner, 159 Fla. 366, 31 So.2d 409; Mitchell v. Mason, 79 Fla. 140, 83 So. 869; Ray v. Trice, 48 Fla. 297, 37 So. 582; Acree v. State, 111 Fla. 494, 149 So. 576, 150 So. 717; Brain v. State, 91 Fla. 1026, 109 So. 804; Burnette v. State, Fla. 1963, 151 So.2d 9.
Specific authority is contained in the Florida Appellate Rules, 31 F.S.A., both under PART III, covering "Proceedings Generally" and in PART VI covering "Criminal Appeals." Under "Proceedings Generally," Rule 3.6, subd. l reads as follows:
"Correcting or Completing. * * * If anything is omitted from the record-on-appeal by error or accident * * * the lower Court, either before or after the record is transmitted to the Court, or the Court on a proper suggestion or on its own initiative, may direct that the omission be corrected. If any dispute arises as to whether any transcript truly discloses what occurred in the *251 lower court * * * the dispute shall be submitted to and settled by the lower court and the transcript made to conform accordingly."
Under "Criminal Appeals," Rule 6.9, subd. d provides in part as follows:
"Omissions and Corrections. If anything material to either party is omitted from the record-on-appeal by error or accident, * * * the lower court either before or after the record is transmitted to the appellate court * * * may direct that the omission or misstatement shall be corrected, and, if necessary, that a supplemental record shall be certified and transmitted to the appellate court."
So the matter involving the propriety of the prosecuting attorney's comments to the jury is properly before this Court. The comment in question was:
"And I call your attention to the manner in which the defendants have testified in refuting their (the State's witnesses) testimony."
After the State rested its case in chief, defendant Grace Marie Singleton elected to not take the witness stand, nor did she offer any testimony otherwise in her own behalf. Her co-defendant, Malcolm Ray Singleton, testified briefly "as a witness in his own behalf." After the objectionable remarks had been made to the jury by the prosecuting attorney, as hereinbefore quoted, counsel for the defendant immediately objected to such statement, which objection was overruled by the Court; the Court was then requested to instruct the jury to disregard the statement, which request was overruled; and counsel then moved for a mistrial based upon said statement, which motion was denied.
We hold that the comment in question was prejudicial, that it violated fundamental rights of the defendant, that it flaunted statutory prohibitions, and that the judgment appealed from should thereupon be reversed and the cause remanded for a new trial.
Section 918.09, Florida Statutes, F.S.A., provides inter alia:
"* * * [N]o accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, * * *."
A long line of cases attest eloquently to the zealous manner in which this statutory right has been protected by the Courts of this State. Dabney v. State, 119 Fla. 341, 161 So. 380; Steffanos v. State, 80 Fla. 309, 86 So. 204; Pinckney v. State, Fla. App. 1962, 142 So.2d 144; Suarez v. State, Fla.App. 1962, 136 So.2d 367; Kolsky v. State, Fla.App. 1966, 182 So.2d 305.
The rule has been applied in a myriad of varied circumstances.[6] Thus, under pain of reversal, such comment is prohibited, without regard to the character of the comment, or the motive or intent with which it is made, Trafficante v. State, Fla. 1957, 92 So.2d 811; McLendon v. State, Fla. App. 1958, 105 So.2d 513. Or whether the comment is susceptible to a different interpretation, Gordon v. State, Fla. 1958, 104 So.2d 524. Or whether innocently or inadvertently made, or whether any harm was actually intended, Milton v. State, Fla.App. 1961, 127 So.2d 460. Or whether by innuendo under the guise of disclaiming any intention to do so, Gordon v. State, supra. Or even if it is mere lapsus linguae in the heat of argument, Sing v. State, Fla.App. 1959, 115 So.2d 771. Or whether in retaliation to comments of his own counsel on the failure of defendant to testify, Griffin v. *252 State, Fla.App. 1963, 150 So.2d 466; Otto v. State, Fla.App. 1961, 126 So.2d 152.[7] Or in calling attention to the fact that the defendant was sworn but did not testify, Tolliver v. State, Fla.App. 1961, 133 So.2d 565. Or the defendant's failure to testify in other proceedings, such as preliminary hearing, habeas corpus, or a former trial, Hathaway v. State, Fla.App. 1958, 100 So.2d 662; Simmons v. State, 139 Fla. 645, 190 So. 756.[8] Or even the defendant's failure to deny guilt when he is accused in his presence extra judicially by a person jointly charged, McLendon v. State, Fla.App. 1958, 105 So.2d 513. Or his failure to explain possession of recently stolen property, even though the law in effect puts that burden upon him, Furci v. State, Fla.App. 1959, 113 So.2d 272; Ard v. State, Fla. 1959, 108 So.2d 38; Romanello v. State, Fla.App. 1964, 160 So.2d 529. Or even to comment upon a co-defendant's failure to testify, Harper v. State, Fla. App. 1963, 151 So.2d 881; Clouser v. State, Fla.App. 1963, 152 So.2d 200. And even if the defendant testifies as to one phase of the case, comment cannot extend to any other phase or phases not covered by his testimony, Sykes v. State, 78 Fla. 167, 82 So. 778. And when the defendant elects not to testify, it is error to refer to the State's evidence as being unexplained or uncontradicted, or undenied (overruling prior cases which held such comment to be permissible)[9] Way v. State, Fla. 1953, 67 So.2d 321; Trafficante v. State, supra.
And three recent cases bespeak the high priority of protection with which the Courts clothe the immunity from such comment. Failure of the defendant to object now constitutes no waiver. Gardner v. State, Fla.App. 1963, 170 So.2d 461. And such comment by a prosecutor now amounts to a denial of due process, such as to render a judgment of conviction subject to collateral attack on a motion to vacate the sentence under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, Burse v. State, Fla.App. 1965, 175 So.2d 586. And lastly, the United States Supreme Court has finally held that such comment by a prosecutor, even in a State Criminal trial, violates the Fifth Amendment to the Federal Constitution guaranteeing against self-incrimination, thereby apparently opening the Federal Court doors to relief. Griffin v. State of California, 1965, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106. The point involved has raised a specter of danger that is truly something to be avoided.
The comment of the prosecuting attorney in the instant case on the failure of defendant, Grace Marie Singleton, to testify was not indirect or slanted; it could hardly have been more direct. The "attention" of the jury was "called" to the "manner" in which the defendant "testified" in refuting the testimony of the two state witnesses. The only "manner" in which she refuted such testimony was in electing not to testify, and it was to this identical fact that the jury's "attention" was specifically called.
The judgment appealed from is hereby reversed and remanded for new trial.
Reversed and remanded.
SHANNON, Acting C.J., and LILES, J., concur.
NOTES
[1] The two informations must have been filed at the same time charging the same offense, because the information against defendant bore Circuit Court case No. 794 and the information against her husband bore case No. 793. The "Order Consolidating Cases" bore "No. 793, 794. Grand Larceny" and was styled "State of Florida vs. Malcolm Ray Singleton and Grace Marie Singleton."
[2] F.S. Section 948.01, F.S.A.
[3] This is permitted by Section 924.06, which inter alia provides that: "An appeal may be taken by the defendant * * * from:

* * * * *
(2) An order granting probation under chapter 948, such appeal to be in the same manner and with the same scope and same effect as if judgment of conviction had been entered and appealed from."
[4] And the proceedings at the trial that were "taken down" by the Court Reporter, such as the evidence that was introduced, objections to introduction of evidence, motions to strike, etc., and thence incorporated into the record over the Reporter's certificate, leave something to be desired; a fact which was officially taken notice of by the Circuit Judge in his Order dated September 20, 1965, entered and filed in the lower Court and properly certified to this Court, wherein he found and stated that: "The Transcript of Proceedings and testimony as made by the Reporter reflects * * * that it is replete with errors and omissions in Transcription and that numbers of material proceedings had in the course of (the trial) * * * were omitted from or incorrectly reported by the said Transcript."
[5] It is true that any deficiencies in the instant record were cured by the Order entered by the Circuit Judge on September 20, 1965, but it was thought advisable, for the benefit and protection of practitioners bringing appeals to this Court, that the perils of evidencing factual matter upon appeal only by recitations in motions, whether verified or not, be pointed out where the opportunity arises in an actual case before this Court, as here; otherwise, substantial and fundamental rights might perchance be sacrificed in some cases upon the altar of insufficient authentication.
[6] One would not have to deal in fantasy to assume that the "varied circumstances" were brought about by the ingenuous efforts of well-meaning but overzealous prosecuting attorneys in constantly seeking the loophole, the entering wedge, the side door, to get over to the jury indirectly what is forbidden directly.
[7] Cf. Waid v. State, Fla. 1952, 58 So.2d 146; Nations v. State, Fla.App. 1962, 145 So.2d 259.
[8] Cf. Hedges v. State, Fla.App. 1964, 165 So.2d 213.
[9] Clinton v. State, 56 Fla. 57, 47 So. 389; Gray v. State, 42 Fla. 174, 28 So. 53; Smith v. United States, (CCA Fla. 1956) 234 F.2d 385; Fowler v. United States, (CCA Fla. 1962) 310 F.2d 66; Jordan v. United States, (CCA Fla. 1963), 324 F.2d 178; Jamail v. United States, (CCA Tex. 1932) 55 F.2d 216.