SWANN, Judge
(dissenting).
I respectfully dissent.
The law in Florida specifically prohibits a prosecuting attorney from commenting on the failure of a defendant in a criminal case, to testify in his own behalf. F.S. § 918.09 F.S.A.; Sing v. State, Fla.App.1959, 115 So.2d 771; Burse v. State, Fla.App.1965, 175 So.2d 586; Singleton v. State, Fla.App.1966, 183 So.2d 245.
Here, the attention of the jury was specifically directed, although inadvertently, by the trial judge and not the prosecuting attorney to the failure of the defendant to testify. Generally, the law requires the judge in the trial of a case to be more impartial than a prosecuting attorney. See Hamilton v. State, Fla.App.1959, 109 So.2d 422.
In Diecidue v. State, Fla.1961, 131 So.2d 7, our Supreme Court held it to be reversible error for the trial judge to call attention to the fact that the defendant had not testified. Justice Roberts, speaking for the court, stated:
“We are not unmindful of the postulate that our statute, F.S. Section 918.09, F.S.A. makes a specific reference only to the fact that the prosecuting officer may not make reference directly, indirectly or covertly to the fact that an accused in a criminal case did not take the stand in his own defense. Nevertheless, when a trial judge steps beyond the admonition contained in F.S. Section 918.10, F.S.A., wherein it is declared that “the presiding judge shall charge the jury only upon the law of the case [upon] the conclusion of argument of counsel, * * * ” (emphasis supplied) it cannot be said “that the error complained of has (not) resulted in a miscarriage of justice.” Way et al. v. State, Fla., 67 So.2d 321, 323.
* * * * * *
“ * * * [W]e are convinced that the challenged instruction as given by the court was a reference, in the presence of the jury, indirectly or covertly to the fact that petitioner did not testify in his own defense, without further charging the jury that failure of the defendant to take the witness stand must not be weighed against him.
Although this is not in violation of F.S. Section 918.09, F.S.A. it constitutes, nevertheless, a fundamental, therefore, harmful error. We are convinced that it could have had, and in all probability did have, an effect upon the jury in this case which caused the trial to result in a miscarriage of justice. We speak of the challenged instruction as constituting fundamental error because it is more devastatingly damaging to the defendant for the presiding judge to fail to observe the directive contained in F.S. Section 918.10, F.S.A. and even intimate that some significance should be given to the fact that the accused did not take the stand in his own defense than for the prosecuting attorney to state directly that the defendant failed to testify.” [Emphasis supplied.]
In the instant case, the trial court subsequently did charge the jury that “the failure of the defendant to testify in his own behalf has no evidentiary significance, and no unfavorable inference should be drawn from such failure.” This was not done in Diecidue and may be a distinguishing feature.
This seems to me, however, to be closing the barn door after the horse is gone. *52 If the prosecuting attorney, or judge, may comment directly on the failure of a defendant to take the stand and then attempt to cure the fundamental error by a charge that the jury must not consider those comments, it only compounds the error; in my opinion.
If such error is fundamental, as indicated in Diecidue, and Singleton, supra, I do not believe that it may be cured by a charge to the jury that they should disregard it.
I,therefore, dissent.