RAWLS, Acting Chief Judge.
By amended information, appellant was charged in Count I with a lewd and lascivious act in the presence of a child under the age of 14 and in Count II with a lewd and lascivious assault upon a male child under the age of 14. A jury verdict of guilty was returned upon both counts.
Although the evidence fully supports the jury’s verdict of guilty and the ensuing judgment of conviction, we are compelled to reverse, because the trial court, assisted by appellant’s appointed counsel, committed fundamental error, as revealed by the following excerpts from the transcript:
“THE COURT: All right, bring the jury in.
(Jury present)
“THE COURT: Ladies and gentleman of the jury, the State has announced that they have closed its case.
At this time we will hear from the Defense.
All right.
“MR. PIERCE [appointed defense attorney]: Your Honor, the Defendant will testify, Melvin Layton.
“THE COURT: All right, sir.
MELVIN LEROY LAYTON, the Defendant was called as a witness on his own behalf, and after first being duly sworn then testified as follows:
“THE COURT: Mr. Pierce, have you carefully explained the rights that the Defendant has, his constitutional rights not to testify unless he so desired?
“MR. PIERCE: Yes, Your Honor. I was going to put it on the record.
“THE COURT: All right. Go ahead.
DIRECT EXAMINATION
BY MR. PIERCE:
“Q. Please state your name?
“A. Melvin Layton.
“Q. Do you understand that you are the Defendant in this case?
“A. Yes, sir.
“Q. You are charged with a crime?
“A. Yes, sir.
“Q. And that you are presently on trial?
“A. Yes, sir.
“Q. Do you understand that under the United States Constitution and under the Florida Constitution you do not have to testify?
“A. (Nodding head)
“Q. It’s your right to make an election to testify or not; do you understand that?
“A. Yes, sir.
“Q. And you wish to testify?
“A. (No response)
“Q. You wish to tell the jury what happened?
“A. (Pause)
No.
“THE COURT: All right.
BY MR. PIERCE:
“Q. You would rather not testify?
“A. Yeah.
“THE COURT: You say you would rather not testify?
“A. Uh-huh (yes).
“THE COURT: Now, you understand that the jury cannot make anything of it, the fact you don’t testify, because no Defendant has to testify, do you see?
“A. Uh-huh (yes).
“THE COURT: A defendant has a constitutional right not to testify.
“A. (Nodding head)
“THE COURT: So, this is your election; not to testify, is that right?
“A. Uh-huh (yes).
“THE COURT: All right. Step down.
“MR. PIERCE: Thank you.
*1246 “THE COURT: Of course, there is no rebuttal.
“MR. TREÉCE [State’s attorney]: No rebuttal, Your Honor.
“THE COURT: Do you have any other testimony to offer?
“MR. PIERCE: No, Your Honor.”
The foregoing colloquy, initiated by the trial judge and pursued in the presence of the jury, transgressed the cardinal rule of law that the failure of a defendant to testify shall not be called to the attention of the jury.[1] This rule of law has generally involved indirect or direct comments by the prosecuting attorney. The colloquy was doubly devastating since it was initiated by the trial judge[2] in the jury’s presence and pursued by an attorney appointed to defend appellant.
REVERSED and remanded for a new trial.
McCORD, J, and WARREN, LAMAR, Associate Judge, concur.

. Rowe v. State, 87 Fla. 17, 98 So. 613 (1924); Trafficante v. State, 92 So.2d 811 (Fla.1957); Sing v. State, 115 So.2d 771 (Fla.App. 1st 1959); Tolliver v. State, 133 So.2d 565 (Fla.App. 3rd 1961); Carter v. State, 199 So.2d 324 (Fla.App. 2nd 1967); and Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

. Hamilton v. State, 109 So.2d 422 (Fla.App. 3rd 1959).