348 So.2d 1242 (1977)
Melvin Leroy LAYTON, Appellant,
v.
STATE of Florida, Appellee.
No. FF-306.
District Court of Appeal of Florida, First District.
August 18, 1977.
*1243 Michael Minerva, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
BOYER, Judge.
In this appeal, we review the third trial of the same defendant for the same offenses.[1] After the third trial, the defendant was found guilty of committing a lewd and lascivious act in the presence of a child under the age of 14 and with lewd and lascivious assault upon a male child under the age of 14. Defendant claims that he is entitled to a new trial because the state impermissibly attacked his character through improper cross-examination, and was erroneously permitted to introduce a transcript of the testimony of appellant's wife taken at a former trial without showing that she was unavailable to testify.
At trial, the state's case rested upon the testimony of defendant's wife Roberta. The state, desirous of introducing certain portions of the wife's testimony given at a prior trial, attempted to establish her unavailability as a witness through the affidavit of state attorney investigator Russ Carlysle who attempted to locate Roberta at her former address and place of employment in Jacksonville and in New Jersey. After the trial court ruled that the state had established the wife's unavailability, certain portions of her testimony were read into the record. Essentially, the wife testified that defendant engaged in rather strange sexual practices. Regarding the incident giving rise to the charges lodged against defendant, she stated that on June 18, 1975, defendant forced her to call his younger son into the bedroom to watch them have intercourse and that later that day defendant forced her to again call the child into the room where she was to perform oral sex on the child. The charges against Roberta, who had been charged along with defendant, were dropped in return for her testimony.
Defendant was the only witness to testify in his behalf. Before he testified, his counsel and the assistant state attorney discussed with the court certain aspects of the state's expected impeachment on cross-examination. The state indicated that it was going to ask defendant whether he had ever been advised by a psychiatrist that he was a disoriented sexual psychopath and that he was dangerous to children. Defense counsel objected at that time as well as during the proffer of the state's proposed cross-examination of defendant. Although the trial court indicated that the state would not be permitted to ask the defendant whether he had ever been committed to a mental institution as a mentally disturbed sex offender, the court did give the state permission to ask the defendant whether he had ever been advised that he was a danger to small children and that he had significant psychosexual problems, if the proper predicate were laid. Defendant testified on direct examination that he never forced his wife to engage in sexual activities, that he had never engaged in a sexual act with any of the children, and that since he and his wife had been in Florida, they had no sexual relations. Before the state began its cross-examination, defense counsel asked the court if it would be necessary for him to remake his objection to the state's cross-examination. The court indicated that further objections would not be necessary. The state thereupon proceeded to ask defendant *1244 on cross-examination if he had been examined by psychiatrists who advised him that he had a sociopathic personality, could be considered dangerous to small children, and had certain sociopathic problems. Defendant denied that he had been so advised.
Defendant initially claims that the state did not establish that his wife, whose transcribed testimony was introduced at trial, was presently unavailable.[2] We find that point to be without merit. Our review of the record indicates that the state met its burden.
The second point raised by defendant challenges the state's cross-examination of him. The state may not attack the character of an accused by showing a propensity to commit crimes when the accused has not placed his character in issue. Jordan v. State, 171 So.2d 418 (Fla. 1st DCA 1965). Sub judice, the purpose of the objectionable cross-examination could have had no other purpose than to place defendant's character in issue. Whether defendant was a sociopathic personality, could be considered dangerous to small children, and/or had certain sociopathic problems could only serve to prejudice defendant in the eyes of the jurors. The state claims that defense counsel did not make a proper objection to the questions at trial, but it is clear that the trial court, after hearing defense counsel object prior to and during the proffer of the cross-examination, informed defense counsel that no further objection would be necessary. Consequently, while recognizing the seriousness of the crimes for which defendant was found guilty and the fact that three trials have occurred in this cause, we must nevertheless reverse and remand the cause for trial number four because of the irrelevant and prejudicial cross-examination.
REVERSED AND REMANDED.
McCORD, C.J., and RAWLS, J., concur.
NOTES
[1] After the first trial, we reversed and remanded for a new trial. Layton v. State, 346 So.2d 1244 (Fla. 1st DCA 1976). The second trial resulted in a mistrial.
[2] Fla.R.Crim.P. 3.640(b) provides:

"The testimony given during the former trial may not be read in evidence at the new trial unless it is that of a witness who at the time of the new trial is absent from the State, mentally incompetent to be a witness, physically unable to appear and testify, or dead, in which event the evidence of such witness on the former trial may be read in evidence at the new trial as the same was taken and transcribed by the court reporter. Before the introduction of the evidence of an absent witness, the party introducing the same must show due diligence on his part in attempting to procure the attendance of witnesses at the trial, and must show that the witness is not absent by consent or connivance of such party."